**Murray v. Bank One**
*[Cite as 2 AOA 532]*

*Case No. 89AP-719*
*Franklin County, (10th)*
*Decided March 8, 1990*

*R.C. 1333.51*

*Murray & Murray CO., L.P.A., and Mr. Thomas J. Murray, for appellant.*

*Porter Wright, Morris & Arthur, Mr. Edwin M. Baranowski, Ms. Kathleen Mcmanus Trafford and Ms. Virginia E. Lohmann, for appellees.*

COX, J.

Plaintiff appeals from a summary judgment rendered by the Franklin County Court of Common Pleas in favor of defendants on plaintiff's complaint for misappropriation of a trade secret, unjust enrichment, breach of implied contract and breach of fiduciary duty. The common pleas court concluded that the system claimed by plaintiff to have been misappropriated lacked sufficient "novelty" to merit protection under Ohio law.

Plaintiff, Joseph C. Murray, styles himself the "inventor" of a system which enables check or credit card users to categorize every transaction by means of numbers or letters. Based upon the number or letter assigned to the transaction, a monthly statement is prepared by the financial institution which provides an itemized account of each transaction to allow the user to track monthly expenditures for each category. Plaintiff alleged that the system is the result of his time, energy and money, including marketing research.

Convinced that his system would be commercially advantageous to banks or other financial institutions, plaintiff initiated contact in 1977 with defendant Bank One, Columbus, N.A. ("Bank One") for the purpose of soliciting their interest in purchasing plaintiff's system. Between 1977 and 1982, plaintiff allegedly disclosed in confidence to Bank One all aspects of his system, including the results of his marketing research.

In May 1982, plaintiff learned that defendant Dean Witter Reynolds ("Dean Witter") was offering his system under the name of "Expense Analyzer." Upon investigation, plaintiff learned that Dean Witter began offering its Expense Analyzer at the suggestion of Bank One. When approached by plaintiff, Bank One allegedly indicated that plaintiff should pursue legal action.

Subsequently, plaintiff commenced this cause on November 26, 1984, in the Lucas County Court of Commom Pleas.[1] The complaint set out in two counts claims for compensatory and punitive relief for defendants' alleged misappropriation of plaintiff's trade secret. In April 1985, the matter was transferred to the Franklin County Court of Common Pleas. Plaintiff later amended his complaint in March 1988 to set forth in separate count claims for relief based upon misappropriation of trade secret, breach of fiduciary obligation, unjust enrichment and breach of implied contract.

Defendants then moved the trial court, on November 21, 1988, for summary judgment in their favor on all claims for relief. The basis for the Civ. R. 56 motion was defendants' contention that, even if plaintiff "invented" the system nevertheless lacked sufficient "novelty" to qualify as a trade secret. It was defendants' position that the lack of novelty was fatal to the remainder of plaintiff's claims, since each required the presence of a trade secret. Defendants also argued that even if plaintiff's system was novel, it was not a secret because plaintiff had previously disclosed, in 1979, all aspects of his system when he applied for a copyright. Defendants' motion supported by a variety of exhibits. In response, plaintiff argued that novelty was not a requisite element of a claim for misappropriation of a trade secret. Alternatively, plaintiff maintained that, even assuming novelty is an element of his claims, it is for the jury to determine whether the system was novel. Since the deposition testimony of two Bank One officers indicated a belief that plaintiff's system was unique, plaintiff argued that an issue of fact was present so as to preclude summary judgment. Plaintiff's response was supported by his affidavit and various exhibits.

The trial court, on March 31, 1989, rendered a decision granting defendants' motion. The common pleas court concluded that plaintiff's system lacked sufficient novelty to qualify for protection under Ohio law, whether stated as a claim for misappropriation of a trade secret or under the remaining theories pressed by plaintiff. As support for this conclusion, the trial court relied upon the discussion of a similar system set forth in *Dann* v. *Johnston* (1976), 425 U.S. 219. Accordingly, summary judgment was rendered in defendants' favor on May 17, 1989, on all counts of plaintiff's amended complaint.

Plaintiff now appeals and sets forth the following assignments of errors:

"I. The trial court erred in granting appellee's motion for summary judgment because there is a genuine issue of material fact as to whether Murray's system is novel.

"II. The trial court erred in granting appellee's motion for summary judgment

because novelty is not an element of recovery under any of the theories on which Murray bases his claim for relief.

"III. The trial court erred in granting summary judgment on Murray's unjust enrichment claim because the facts raise a genuine issue as to whether a quasi contract exists.

"IV. The trial court erred in granting summary judgment on Murray's quantum meruit theory because the facts raise a genuine issue as to whether an implied-in-fact contract exists.

"V. The trial court erred in granting a summary judgment on the fiduciary duty theory because a genuine issue of fact exists as whether a de facto fiduciary duty exists."

Defendants have filed a cross appeal and assign the following as error:

"The trial court correctly held that defendants were entitled to summary judgment and a dismissal of all of plaintiff's claims on the grounds that plaintiff's claimed 'invention' lack novelty. The trial court erred, however, in not also finding that defendants were entitled to summary judgment and a dismissal of all of plaintiff's claims for the additional reason that, by depositing documents that described his 'invention' in connection with copyright registrations, plaintiff made his alleged 'invention' a matter of public knowledge such that it could not be a trade secret."

Since plaintiff's second assignment of error presents the threshold issue, that issue will be considered first. Under this assignment of error, plaintiff maintains that novelty is not an element of a trade secret action. Rather, plaintiff contends that the definition of a trade secret under Ohio law requires only a showing that his system was a secret and that it provides the holder of the secret a commercial advantage over competitors. As support for this position, plaintiff relies upon Restatement of the Law, Torts (1939), Section 757.

In response, defendants contend that novelty is an element of a claim for misappropriation of information which is alleged to constitute a trade secret. It is defendants' position that novelty, as used in the context of trade secrets, requires that the information must not be generally known or available either to the public or to those in the trade.

This state has previously adopted the definition of trade secret set forth in 4 Restatement of Torts (1939) 1, Section 757. See *Valco Cincinnati, Inc.* v. *N & D Machining*

*Service, Inc.* (1986), 24 Ohio St. 3d 41, 44; *Wiebold Studio, Inc.* v. *Old World Restorations, Inc.* (1985), 19 Ohio App. 3d 246, 247; *B.F. Goodrich Co.* v. *Wohlgemuth* (1963), 117 Ohio App. 493, 498-499. Comment (b) to that section provides in part:

"*** A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it. It may be a formula for a chemical compound, a process of manufacturing, treating or preserving materials, a pattern for a machine or other device, or a list of customers. *** A trade secret is a process or device for continuous use in the operation of the business. Generally it relates to the production of goods, as, for example, a machine or formula for the production of an article. It may, however, relate to the sale of goods or to the other operations in the business, such as a code for determining discounts, rebates, or other concessions in a price list or a catalogue, or a list of specialized customers, or a method of bookkeeping or other office management." *Id.* at 5.

Ohio also provides statutory protection against the conversion of trade secrets by way of R.C. 1333.51. That section defines a trade secret in the following manner:

"'Trade secret' means the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, or improvement, or any business plans, financial information, or listing of names, addresses, or telephone numbers, which has not been published or disseminated, or otherwise become a matter of general public knowledge. Such *** is presumed to be secret when the owner thereof takes measures designed to prevent it, in the ordinary course of business, from being available to persons other than those selected by the owner to have access thereto for limited purposes." R.C. 1333.51 (A) (3).

Here, the trial court stated:

"Essentially, Ohio has adopted the definition of trade secret found in the Restatement of Torts 2d §757. *See: Ewance* vs. *Bicron* (1976) 416 U.S. 470 [sic]. Generally, in a trade secret case, it is not necessary to establish the novelty required in the law of patents. Some novelty is required, however, in order to support a claim for trade secret infringement. The subject of the trade secret must be secret and not of public knowledge in the particular trade or business. *See: B.F. Goodrich* vs. *Wohlgemath*

*[sic]* (1963), 117 Ohio App. 493." Decision, March 31, 1989, at 2.

This court finds that the trial court did not err in applying this standard to plaintiff's trade secret claims in this case. Although "[n]ovelty, in the patent sense, is not required for a trade secret," *Kewanee Oil Co.*v. *Bicron Corp.* (1974), 416 U.S. 470, 476; accord, *W.R. Grace & Co.* v. *Hargadine* (C.A.6, 1986), 17 Ohio Misc. 199, 206-207; and *A.O.Smith Corp.* v. *Petroleum Iron Works Co. of Ohio* (C.A.6, 1934), 73 F. 2d 531, 538-539, Ohio courts have consistently recognized that at least some novelty exists in that which is secret. *Valco Cincinnati, Inc., supra,* at 46; *Water Management, Inc.*v. *Stayanchi* (1984), 15 Ohio St. 3d 83, 86; Wiebold Studio, Inc., supra, at 248; and *E.R. Moore Co.* v. *Ochiltree* (C.P. 1968), 16 Ohio Misc. 45, 48; see, also, *Kewanee Oil Co., supra,* at 476. While the degree of novelty required may be dependent upon the nature of the "secret" to be protected, the relationship of the parties and the level of abstraction involve--factors which are best analyzed after all the evidence has been adduced--the trial court was correct in recognizing *in this case* that at least some "novelty" is required to merit trade secret protection for *plaintiff's* system. Cf. *Pyromatics, Inc.* v. *Petruziello* (1983), 7 Ohio App. 3d 131, 134-135.

The trial court also concluded that, because plaintiff's system lacked the requisite degree of novelty, the remaining claims for relief in contract, quasi-contract and tort for breach of fiduciary duty were subject to dismissal as well. Essentially, this conclusion is premised upon the assumption that these remaining claims were dependent on the existence of a trade secret.

This court finds that the trial court's premise is correct insofar as plaintiff seeks relief in contract or quasi-contract for the value of the benefit conferred upon defendants via misappropriation of his system. Ohio recognizes that relief may be had under either an implied in fact contract or quantum meruit arising from the misappropriation of intangible personalty. See e.g., Legros v. *Tarr* (1989), 44 Ohio St. 3d 1, and *Hambleton* v. *R.G. Barry Corp.* (1984), 12 Ohio St. 3d 179, 182-183; see, also, *Releasomers, Inc.* v. *The Goodyear Tire & Rubber Co.* (Nov. 19, 1986), Summit App. No. 12535, unreported. Such claims for relief are contingent upon plaintiff having a property interest in his system sufficient to sustain a claim for misappropriation of a trade secret. Therefore, to the extent that plaintiff's system is not secret, any other claim which seeks to recoup the value of the benefit conferred by such secret must also fail.

On the other hand, if the relief plaintiff seeks in contract or quasi-contract is based solely on the value of his services and the resulting benefit to defendants, such claims are not contingent upon the existence of a trade secret. Regardless of whether plaintiff has a sufficient property interest in the system to warrant trade secret status, to the extent plaintiff's services decreased defendants' costs in developing the "Expense Analyzer," such benefit may be compensable in contract or quantum meruit. Accordingly, the trial court's statement of the law with respect to plaintiff's contract and quasi-contract claims was overbroad.

The trial court, however, correctly concluded that plaintiff's breach of fiduciary duty claim was continent upon the success of his trade secret claim. Even if a fiduciary duty did arise in the relationship between plaintiff and defendants, the damage which plaintiff claims is the loss of his "secret." If the "secret" is nonexistent, however, plaintiff can claim no injury, since any disclosure which could result from defendant's breach would only reveal what is already known. This aspect of the trial court's legal analysis was correct.

Based upon the foregoing, plaintiff's second assignment of error is overruled in part and sustained in part.

Under plaintiff's remaining assignments of error, plaintiff maintains that summary judgment was inappropriate since issues of fact exist as to each of his claims for relief. We agree.

In granting defendant's motion for summary judgment, the trial court concluded as follows:

"In this case, the court is of the opinion that the Supreme Court's finding [in *Dann* v. *Johnston, supra*], albeit a finding in a patent case, that a system similar to plaintiff's 'invention' was so obvious to negate the originality requirement weighs heavily in finding that the system lacks novelty sufficient to constitute a trade secret. The Court concludes that, construing the evidence in a light most favorable to plaintiff, the system was not unique in the industry, based on the existence of a very similar system in 1967. The Court's finding that plaintiff's idea lacks novelty and originality in the banking industry is fatal to the trade secret claim wherein plaintiff attempts to protect his ideas as a property interest.

"Necessarily, then, the remainder of plaintiff's claims for breach of fiduciary duty and unjust enrichment, premised on the existence of a trade secret, must fail." Decision at pp. 3-4.

The existence of a trade secret, regardless of whether the secret is cast in terms of "novelty," "uniqueness" or "originality," is normally a question of fact to be determined under all the circumstances by the trier of fact. *Valco Cincinnati, Inc., supra,* at 47, and *Water Management, Inc., supra,* at 86. Summary judgment on this basis would be appropriate then, only where, after construing the evidence most favorably to the party opposing the motion, reasonable minds could only conclude that such secret either does or does not exist. Civ. R. 56(C).

Upon review of the interrogatories, depositions, affidavits, pleadings and exhibits placed before the trial court, it is apparent that reasonable minds could differ as to whether plaintiff's system qualifies as a trade secret. Plaintiff's affidavit indicates that two officers of Bank One told plaintiff his system was novel in the banking industry.[2] While the decision rendered in *Dann, supra,* makes clear that the system involved in that case lacked sufficient novelty to qualify for a patent, such findings does not preclude a finding that even an identical system could constitute a trade secret under Ohio law. Moreover, plaintiff's affidavit presents a clear question of fact as to whether his system is substantially similar to the system reviewed in *Dann, supra.* Finally, while several of defendants' exhibits attached to their Civ. R. 56 motion suggest that the concept for plaintiff's system is being used by various banking concerns, there is no evidence to establish that plaintiff's is so widely known that a jury could only conclude plaintiff has no protectable property interest as trade secret. Cf. *Computer Print Systems, Inc.* v. *Lewis* (Superior Ct. 1980), 422 A. 2d 148, 153, frn. 3. Accordingly, the first assignment of error is sustained.

Given this court's disposition of plaintiff's first and second assignments of error, it is clear that, to the extent plaintiff's remaining claims for relief are premised upon the existence of a trade secret, it was also erroneous to grant summary judgment as to these claims as well. Since a question of fact is present with respect to plaintiff's trade secret claim, any further relief sought with respect to such trade secret must await the resolution of that issue.

Therefore, plaintiff's third, fourth and fifth assignments of error are sustained.

In their cross-appeal, defendants contend that even if a question of fact exists as to the "novelty" of plaintiff's system for purposes of trade secret protection, an alternate basis exists to allow the summary judgment to stand. Specifically, defendants contend that because plaintiff applied for copyright protection in 1979 and 1980, his system is a matter of public knowledge which precludes a finding that it is secret.

Plaintiff, in response, argues that federal copyright law does not preempt his Ohio causes of action for misappropriation of a trade secret. It is plaintiff's position that because his system does not qualify for copyright protection, then this state is free to offer protection under its trade secret laws.

As noted previously, the determination of whether a particular system is a secret is generally a question for the trier of fact. A variety of factors are to be considered in making this determination. *Pyromatics, Inc., supra.*

Here, it is undisputed that plaintiff deposited a description of his system with the Library of Congress pursuant to Section 407, Title 17, U.S.C. Additionally, the parties do not dispute that these deposits are subject to public inspection. Section 705, Title 17, U.S.C. Despite these provisions of the Copyrights Act, there remains a question of fact as to whether plaintiff's system is secret under Ohio trade secret law. Defendants' evidence in support of the Civ. R. 56 motion does not indicate that they or anyone in the banking industry ever reviewed or inspected the documents plaintiff deposited.[3] As such, this court cannot conclude that defendants are entitled to judgment on plaintiff's trade secret claim. The cross assignment of error is overruled.

Having overruled defendants' cross assignment of error, having sustained plaintiff's first, third, fourth and fifth assignments of error, and having sustained in part and overruled in part plaintiff's second assignment of error, the judgment of the common pleas court is reversed. This cause is remanded to that court for further proceedings consistent with this opinion.

*Judgment reversed,*
*and cause remanded.*

McCORMAC and BRYANT, JJ., concur.

[1] Plaintiff also filed suit in federal court seeking protection under federal copyright law and under Ohio trade secret law. Defendants counterclaimed for a declaration that plaintiff's state law claims were preempted. Plaintiff's federal and state claims were dismissed and the court declared that plaintiff's state law claims were not preempted.

[2] Although plaintiff also contends that the deposition testimony of these officers also supports this contention, our review of those depositions fails to reveal any statement by either officer that plaintiff's system was unique or novel. One officer stated that he could recall having seen a similar system on one occasion and the other stated that he had heard of such systems throughout his twenty-five years of banking.

[3] While Congress may well have intended that such deposits place an expression in the public domain and are, therefore, unprotectable under state law, see Section 30, Title 17, U.S.C., that issue has been litigated by the parties in defendants' federal court counterclaim seeking a declaration that plaintiff's state law claims are preempted. Whether correctly decided or not, the judgment bars relitigation of that issue in this case.