This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-plaintiff Christopher J. Mussara appeals the order of the Summit County Court of Common Pleas granting summary judgment against his claim alleging a breach of fiduciary duty. This Court affirms.
 I.
Carl Massarra established the Georgiana Land Company as a partnership to own and develop a shopping center located in Twinsburg, Ohio. In 1992, Carl gave 16% of the partnership to his wife and 3% each to appellant and his five siblings. Appellant's interest in the partnership was allocated in trust.
 Appellant was addicted to alcohol and crack cocaine. Appellant failed in his attempts to successfully complete drug rehabilitation, and returned to using crack cocaine. Appellant's requests for money from the trust seemed to be fueling appellant's addictions. As a result, the trustees (appellant's siblings Joseph Massara and Paula Massara Henry) terminated appellant's access to currency by selling appellant's interest back to the partnership in a transaction that would yield appellant $53,340.00 plus interest over six years.
 Appellant filed suit in May of 1996, challenging the action of the trustees. The trial court established a discovery deadline of March 14, 1997. Only after the discovery deadline had passed did appellant initiate any discovery efforts. Appellant dismissed the action and refiled the action thereafter. The trial court set new discovery deadlines, including that appellant disclose his trial experts on or before December 1, 1997, by way of notice filed with the trial court.
Appellant failed to disclose his trial experts by December 1, 1997. In contemplation of trial, appellees filed a motion in limine requesting exclusion of the appellant's experts from trial on account of the missed discovery deadline and the unavailability of the experts subsequently identified by the appellant for deposition.
The trial court granted the motion. Appellant filed a motion for reconsideration, which was denied.
Appellees moved for summary judgment. Appellees alleged that since appellant could not set forth evidence of the value of his partnership interest, appellant could not establish that economic damages resulted from the trustees actions. Appellant responded in opposition and moved for partial summary judgment. The trial court granted summary judgment in favor of appellees.
Appellant now appeals, asserting three assignments of error. The assignments of error will be rearranged for ease of discussion.
 II. THIRD ASSIGNMENT OF ERROR
 The trial Court [sic] abused its discretion when it granted Defendants' Motion in Limine to preclude testimony or other evidence of Plaintiff's expert witnesses Racek and Finerman.
In his third assignment of error, appellant claims that the trial court erred when it excluded his expert witnesses from testifying on account of his failure to meet discovery deadlines. This Court disagrees.
Parties are required under Civ.R. 26(E)(1)(b) to disclose in discovery the identity of expert witnesses expected to be called at trial. It is well settled that trial courts enjoy great latitude in resolving discovery abuses with the appropriate sanctions. Nakoff v. FairviewGeneral Hospital (1996), 75 Ohio St.3d 254, 256. Among these sanctions, "Civ.R. 37 permits the exclusion of expert testimony pursuant to a motion in limine as a sanction for the violation of Civ.R. 26(E)(1)(b)." Jonesv. Murphy (1984), 12 Ohio St.3d 84, syllabus. The appropriate standard of review in these cases is an abuse of discretion review, which is to say "the result must be so palpably and grossly violative of fact or logic that it evidences, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias."Nakoff, supra, at 256, citing State v. Jenkins (1984), 15 Ohio St.3d 164,222.
 Appellant first filed suit in May of 1996, and his failure to meet reasonably drawn discovery deadlines was manifest from the start. The trial court generously set a discovery deadline of March 14, 1997. Yet after ten months appellant had still not conducted any meaningful discovery. In a cynical act of procedural resuscitation, appellant dismissed his action and immediately refiled it in an attempt to revive new discovery timelines. Counsel for appellant expressly advised counsel for appellee that this was their gambit. The trial court again set a generous discovery deadline that required appellant to identify his trial experts on or before December 1, 1997, by way of notice filed with the court. The appellant failed to meet this deadline, and failed to request an extension. That appellant sought to belatedly file notice days later does not obviate his failure to comply with or timely seek extension of the discovery deadlines.
Whether a product of sloth or gamesmanship, repeated delays by a party in discovery create unneeded delays, waste judicial resources, and sound an unwelcome echo to nineteenth century ambush lawyering. At some point there must be a serious sanction for procedural reindeer games. Procrastinating parties are anathema to the orderly administration of civil justice. Accordingly, this Court, with fealty to the appropriate standard of review, cannot conclude that the trial court's decision was an abuse of discretion. See Nakoff, supra.
Appellant's third assignment of error is overruled.
FIRST ASSIGNMENT OF ERROR
 The Trial Court erred when it failed to apply the "no further inquiry" rule to the sale of an interest in a partnership held in trust by Defendant Trustees to the partnership in which they were participants.
In his first assignment of error, appellant claims that the trial court erred when it failed to apply the "no further inquiry" rule to its analysis of whether the trustees improperly converted appellant's partnership interest. This Court disagrees.
The appellant's suit was one for breach of fiduciary duty.
 A claim of breach of a fiduciary duty is basically a claim of negligence, albeit involving a higher standard of care. And in negligence actions, we have long held that `one seeking recovery must show the existence of a duty on the part of the one sued not to subject the former to the injury complained of, a failure to observe such duty, and an injury resulting proximately therefrom.
Strock v. Pressnell (1988), 38 Ohio St.3d 207, 216, quoting Stampers v.Parr-Ruckman Home Town Motor Sales (1971), 25 Ohio St.2d 1, 3. AccordMcConnell v. Hunt Sports Ent. (1999), 132 Ohio App.3d 657, 687 (holding that damages must be shown to prevail in a breach of fiduciary action claim); Murray v. Bank One, Columbus N.A. (1990), 64 Ohio App.3d 784,790-791 (holding that where plaintiff failed to demonstrate injury for claim of breach of fiduciary duty, the claim was properly denied).
In the instant case, appellant failed to meet generously drawn discovery deadlines for the identification of his trial experts, and, therefore, appellant suffered the discovery sanction of exclusion as discussed infra in the third assignment of error. Appellant was without any evidence to prove damages, a vital element needed to sustain his burden of proof for his claim of breach of fiduciary duty. Strock,supra. Since appellant could not demonstrate damages, the trial court granted summary judgment.
Because only legal questions are involved, an appellate court will not afford a trial court any special deference when reviewing an entry of summary judgment. Klingshirn v. Westview Concrete Corp. (1996),113 Ohio App.3d 178, 180, citing Lorain Cty. Bd. of Commrs. v. UnitedStates Fire Ins. Co. (1992), 81 Ohio App.3d 263, 267. Rather, the appellate court will apply the same standard used by the trial court, and will review the matter de novo. Id. at 180, citing Perkins v. Lavin
(1994), 98 Ohio App.3d 378, 381 and Tyler v. Kelley (1994),98 Ohio App.3d 444, 446.
Civ.R. 56(C) provides that summary judgment may be granted only when a court is satisfied that there is no genuine issue as to any material fact, that the moving party is entitled to judgment as a matter of law, and that reasonable minds can come to but one conclusion that, even viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. State ex rel. Leigh v.State Emp. Relations Bd. (1996), 76 Ohio St.3d 143, 144. The substantive law involved controls which facts are considered material; those factual disputes that have the potential to affect the outcome of a lawsuit are material and would preclude summary judgment, while factual disputes that cannot affect the outcome are deemed irrelevant and will not affect summary judgment. Orndorff v. Aldi, Inc. (1996), 115 Ohio App.3d 632,635, appeal not allowed (1997), 78 Ohio St.3d 1429, citing Anderson v.Liberty Lobby, Inc. (1986), 477 U.S. 242, 248, 91 L.Ed.2d 202, 211.
This Court has previously noted:
 A complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. As a result, a moving party is entitled to judgment as a matter of law where the non-moving party failed to come forth with evidence of specific facts on an essential element of the case with respect to which they have the burden of proof.
Black v. Cosentino (1996), 117 Ohio App.3d 40, 43, citing Celotex Corp.v. Catrett (1986), 477 U.S. 317, 323, 91 L.Ed.2d 265, 273. The Ohio Supreme Court has explained the burden allocation involved for moving and nonmoving parties:
 [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. (Emphasis deleted.)
Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
Here, appellant had no evidence demonstrating damages, meaning he had no evidence to support his claims. Appellant was precluded from calling experts to account for damages due to appellant's own repeated discovery violations. Appellant could not himself demonstrate damages, as he conceded during his deposition:
 I asked you whether you had an opinion as to what your nine percent interest in the shopping center was worth in September of 1995. Did you have an opinion, yes or no?
No.
Therefore, the trial court properly granted summary judgment against appellant. Civ.R. 56(C); Dresher, supra.
Appellant claims in his appellate brief that he need not prove damages since the actions of the trustees amounted to self-dealing which obviates the requirement to prove damages under the "no further inquiry rule." However, this argument was not raised below in appellant's response to the motion for summary judgment. Under Dresher, appellant had the burden of setting forth evidentiary material supporting his legal claims. Yet his motion below is bereft of reference to the specific claim of self-dealing apart from the general claim of breach of fiduciary relationship. A reviewing court is not the forum for civil litigants to refine their failed summary judgment arguments. Rather, this Court stands in review of the material the parties set forth in their summary judgment motions to the trial court. See Dresher; Civ.R. 56(E).
The issue the before the trial court, as briefed by the parties, was whether appellees committed a breach of fiduciary duty to appellant. To prevail on a claim of breach of fiduciary duty, appellant had to demonstrate damages. Strock, supra. Due to appellant's discovery malfeasance, appellant was unable to call experts to trial to demonstrate damages, and appellant himself did not allege specific economic damages. Therefore, appellant could not prevail on his claim as a matter of law, rendering the trial court's grant of summary judgment appropriate on the facts of this particular case. See Dresher and Strock, supra.
Appellant's first assignment of error is denied.
SECOND ASSIGNMENT OF ERROR
 The trial court erred when it inappropriately allocated the burden of proving the adequacy of the purchase price of the partnership interest of sold trust property on the beneficiary of the trust, rather than placing the burden on the self-dealing trustees and partners.
In his second assignment of error, appellant claims that the trial court erred when it allocated the burden of proving damages in his suit for breach of fiduciary relationship upon him. This Court disagrees.
As discussed infra in the first assignment of error, Strock requires litigants claiming a breach of fiduciary duty to demonstrate damages. As appellant pled a claim for breach of fiduciary duty, he held the duty of demonstrating damages. Id. Accordingly, the trial court properly allocated the burden of demonstrating damages in the instant case.
Appellant's second assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 ___________________________ DONNA J. CARR
BATCHELDER, P.J., CONCURS, BAIRD, J., CONCURS IN JUDGMENT ONLY