WATER MANAGEMENT, INC., APPELLEE, *v.* STAYANCHI ET AL., APPELLANTS.

[Cite as Water Management, Inc. *v.* Stayanchi (1984), 15 Ohio St. 3d 83.]

84

(No. 84-285—Decided December 31, 1984.)

*Algis, Sirvaitis & Associates* and *Mr. S. Melvin Kociubes,* for appellee.
*Demer & Demer Co., L.P.A.,* and *Mr. John A. Demer, Jr.,* for appellants.

FORD, J. Appellants' propositions of law essentially maintain that the laboratory analyses and preliminary engineering reports compiled by appellee were not trade secrets; and that the trial court's finding that no trade secrets were involved was not against the manifest weight of the evidence.

I

The decision of the court of appeals suggests that appellants have engaged in unfair competition and have disclosed trade secrets of their former employer. There is a functional difference between unfair competition and disclosure of trade secrets. Unfair competition ordinarily consists of representations by one person, for the purpose of deceiving the public, that his goods are those of another. *Drake Medicine Co.* v. *Glessner* (1903), 68 Ohio St. 337; *Henry Gehring Co.* v. *McCue* (1926), 23 Ohio App. 281. The concept of unfair competition may also extend to unfair commercial practices such as malicious litigation, circulation of false rumors, or publication of statements, all designed to harm the business of another. See *Gehring, supra.* There were neither allegations nor findings at the trial level of any unfair competition as defined above. Thus, any suggestion by the appellate court that appellants in the instant appeal have engaged in such conduct is unfounded since it is not demonstrated by the record.

II

The issue of whether trade secrets were disclosed is the proper focus of the present case. The necessary inquiry on this issue, thus, becomes whether the technical, engineering and marketing information used by appellants were trade secrets. *Pyromatics, Inc.* v. *Petruziello* (1983), 7 Ohio App. 3d 131.

R.C. 1333.51(A)(3) provides a definition of "trade secret":

" 'Trade secret' means the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, or improvement, or any business plans, financial information, or listing of names, addresses, or telephone numbers, which has not been published or disseminated, or otherwise become a matter of general public knowledge. Such scientific or technical information, design, process, procedure, formula or improvement, or any business plans, financial information, or listing of names, addresses, or telephone numbers is presumed to be secret when the owner thereof takes measures designed to prevent it, in the ordinary course of business, from being available to persons other than those selected by the owner to have access thereto for limited purposes."

There is no presumption that any particular idea imparted to or ac-

quired by an employee is a trade secret unless the possessor takes active steps to maintain the secrecy. R.C. 1333.51(A)(3). *E.R. Moore* v. *Ochiltree* (1968), 16 Ohio Misc. 45, 48 [45 O.O.2d 38]. Applying the statute, a trial court should examine those facts which show the extent to which information is known outside the business and the precautions taken to guard the secrecy of information. *Pyromatics, supra;* see, also, *Kewanee Oil Co.* v. *Bicron Corp.* (1974), 416 U.S. 470 [69 O.O.2d 235]. This issue of whether particular information is a trade secret is a factual determination for the trial court. *Pyromatics, supra,* at 137.

The factors, previously outlined, were considered by the trial court in its evaluation of the evidence. The trial court found that customer lists were published and made available to the general public. The laboratory analyses and engineering reports were the property of the customers and not WMI. The information regarding the special problems of various customers was not unique or novel, but involved general engineering techniques typically known to those in the waste water treatment field. These findings at the trial level were supported by competent, credible evidence. Neither the appellate court nor this court can substitute its judgment for that of the trial court on these factual issues. *Kinney* v. *Mathias* (1984), 10 Ohio St. 3d 72.

### III

It should be noted that this case does not involve either a covenant not to disclose information or an agreement not to compete. Such agreements, if found valid, would bar disclosure of information obtained by the employee and would prevent the organization of a business in direct competition with the former employer. *Pyromatics, supra.* However, in this case, appellants have not violated even an implied duty not to disclose. Any information acquired and used by appellants were general engineering and marketing techniques. As the trial court found there was no breach of duty or disclosure of trade secrets, those findings must be upheld. *Kinney, supra.*

Accordingly, we reverse the judgment of the court of appeals.

*Judgment reversed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

FORD, J., of the Eleventh Appellate District, sitting for W. BROWN, J.