The STATE ex rel. FISHER, Atty. Gen., Appellee,

v.

PRC PUBLIC SECTOR, INC. et al., Appellees;

North American MORPHO Systems, Inc., Appellant.

[Cite as *State ex rel. Fisher v. PRC Pub. Sector, Inc.* (1994), 99 Ohio App.3d 387.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE07–970.

Decided Dec. 20, 1994.

*Thompson, Hine & Flory, Gerald L. Draper* and *William R. Case,* Special Counsel, for plaintiff-appellee.

*Benesch, Friedlander, Coplan & Aronoff, James M. Friedman* and *John F. Stock,* for defendant-appellee TRW, Inc.

*Howard E. Rothman,* for defendant-appellee Harris Corporation.

*Bricker & Eckler* and *Luther L. Liggett, Jr.,* for appellant.

---

CLOSE, Judge.

Defendant-appellant, North American MORPHO Systems, Inc. (hereinafter "appellant" or "MORPHO"), appeals from the judgment of the Franklin County Court of Common Pleas, wherein the trial court denied appellant's motion for summary judgment, dismissed appellant's counterclaim for mandamus relief, and issued an order declaring that the requested information constitutes "trade secrets" not subject to disclosure under R.C. 149.43.

Plaintiff-appellee, the state of Ohio, Office of Attorney General, initiated this declaratory judgment action in order to remain "neutral" and avoid any potential liability for wrongful disclosure of information regarding its bidding process. Appellant was an unsuccessful bidder (actually, appellant was the subcontractor of bidder, PRC, Inc.), who submitted a written request for disclosure of the winning proposal and disclosure of the state's evaluation of the bids. The state released information; however, appellant found it to be "extremely redacted." Upon release of this information, the state brought suit, seeking a declaratory judgment regarding its ability to disclose the remaining materials. Appellant counterclaimed for a writ of mandamus, ordering release of those materials.

The bid process began in July 1993 when the state issued a "Request for Proposals" ("RFP"), which solicited proposals from vendors for an Automated Fingerprint Identification System ("AFIS") to be implemented in appellee's department subdivision, the Bureau of Criminal Identification and Investigation ("BCII"). Appellant submitted a proposal as a subcontractor to defendant-appellee, PRC, Inc. TRW Systems Integration ("TRW"), and other vendors, also submitted proposals. On November 12, 1993, after evaluating the proposals, the Attorney General issued a letter to TRW, indicating his intent to award TRW the contract.

Appellant submitted three requests, over a two-month period, for disclosure of the state's evaluation materials and TRW's proposal. Thereafter, the Attorney General's Office filed this declaratory judgment action and submitted to appellant the scoring summary, a heavily redacted bid evaluation summary, wherein portions of appellant's evaluation was also redacted, and TRW's proposal, wherein all of the "substantive portions" were allegedly redacted. Appellant counter-claimed for mandamus relief under R.C. 149.43 and later moved for summary judgment.

The trial court conducted an *in camera* review of TRW's proposal and the bid evaluation materials. After the *in camera* review and consideration of other evidence, including TRW's affidavit outlining the "steps taken to protect its information," the trial court found that the disputed information constituted "trade secrets" under R.C. 1333.51(A)(3). The trial court also found that TRW did not waive its trade secret protection by submitting its proposal in the bidding process. Appellant now appeals the trial court's judgment, which prohibited disclosure of the "trade secrets."

Appellant raises the following assignments of error:

"I. *First Assignment of Error*

"The trial court erred as a matter of law in denying a writ of mandamus directing the release of proposals submitted to or evaluations created by the Attorney General for an unbid state contract.

"II. *Second Assignment of Error*

"The trial court denied appellant due process of law by conducting a factual inquiry through an *in camera* inspection and by entering final judgment without an evidentiary hearing."

▆▆▆▆ As an initial matter, we note that the court is the *final* arbiter regarding disclosure of public records under R.C. 149.43. *State ex rel. Dispatch Printing Co. v. Wells* (1985), 18 Ohio St.3d 382, 385, 18 OBR 437, 439, 481 N.E.2d 632, 635. Determination of an application for disclosure under R.C. 149.43 must first be made on an *ad hoc* basis by the governmental body holding the requested information. *Id.* See, also, *State ex rel. Toledo Blade Co. v. Telb* (1990), 50 Ohio Misc.2d 1, 552 N.E.2d 243, wherein the court held that governmental bodies could not invoke the court's function as final arbiter in order to avoid their duty to make records available. Declaratory relief may not be used to circumvent the duty to make the initial determination of whether materials are subject to disclosure under R.C. 149.43.

▆▆▆▆ Regardless of how it is captioned, the release of some documents, whether or not redacted, and the refusal to release others, constitute decisions by the Attorney General regarding the disclosure requirements of R.C. 149.43. The fact that the Attorney General initiated this lawsuit, rather than waiting for appellant to do so, does not amount to a circumvention of his duty to decide the issue. Accordingly, this court will review the trial court's action.

▆▆▆▆ In its first assignment of error, appellant claims that it was entitled to release of TRW's proposal, as a matter of law, based upon this court's decision in *Sate ex rel. Seballos v. School Emp. Retirement Sys.* (Mar. 31, 1994), Franklin App. No. 93AP–809, unreported, 1994 WL 109682, and the Ohio Supreme Court's decision in *State ex rel. Allright Parking of Cleveland, Inc. v. Cleveland* (1992), 63 Ohio St.3d 772, 591 N.E.2d 708.

In *Seballos,* this court construed *Allright Parking* to hold that "*all* documents submitted as part of an application to a public agency are public records open to public inspection, and the applicant waives any claim as to alleged trade secrets contained therein. * * * [D]ocuments not part of the application but 'simply ancillary thereto' which contain trade secrets may not be open to public inspection." *Id.* at 7. On this basis, appellant claims that it is entitled, as a matter of law, to disclosure of TRW's proposal, notwithstanding any trade secrets contained therein, because there was no evidence that the alleged trade secrets were "ancillary" to TRW's application to contract with appellee Attorney General. An

*in camera* inspection was not necessary, appellant alleges, because TRW "waived" any right to protection of its trade secrets upon submitting its application.

This matter, however, has just recently been resolved. On review of *Seballos*, the Ohio Supreme Court clarified its opinion in *Allright Parking* and specifically held that *Allright Parking* was premised upon the applicability of R.C. 1728.06, which expressly states that the applications (tax abatement applications) would be a matter of public record. See *State ex rel Seballos v. School Emp. Retirement Sys.* (1994), 70 Ohio St.3d 667, 671, 640 N.E.2d 829, 832. Absent a similar statutory provision, trade secret protection is not lost merely because a trade secret is included in an application or proposal. Neither R.C. 109.581, which authorizes the Attorney General to purchase an AFIS, nor any other statutory provision expressly makes TRW's proposal, which otherwise may constitute trade secrets pursuant to R.C. 1333.51, subject to disclosure. Appellant, therefore, was not entitled, as a matter of law, to disclosure of TRW's proposal.

A writ of mandamus ordering the state to disclose the redacted portions of TRW's proposal and the evaluation will issue only upon appellant's demonstration that (1) appellant has a clear legal right to disclosure of those portions of TRW's proposal and the state's evaluation records; (2) the state is under a clear legal duty to disclose them; and (3) relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Cincinnati Post v. Schweikert* (1988), 38 Ohio St.3d 170, 172, 527 N.E.2d 1230, 1231.

█ The Attorney General alleges that mandamus relief is not available because its declaratory action provides an adequate remedy for appellant. We disagree for the reasons noted above. A governmental entity holding public records cannot avoid its responsibility to make records available without first making the determination that the records sought are lawfully excepted under R.C. 149.43. In any event, R.C. 149.43(C) authorizes "aggrieved persons" to commence mandamus actions in order to obtain judgments requiring release of public records.

█ Both appellant's entitlement to disclosure and the state's duty to disclose depend upon whether the requested materials are subject to disclosure under the Public Records Act. In enacting R.C. 149.43, the General Assembly intended to provide "broad access to public records." *State ex rel. Margolius v. Cleveland* (1992), 62 Ohio St.3d 456, 584 N.E.2d 665; *Allright Parking,* 63 Ohio St.3d at 775, 591 N.E.2d at 710. Pursuant to R.C. 149.43(B):

"All public records shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. Upon

request, a person responsible for public records shall make copies available at cost, within a reasonable period of time. * * *"

R.C. 149.43(A)(1) defines "public record" as any record kept by a public office, except certain specifically defined records, and "records the release of which is prohibited by state or federal law." *State ex rel. Beacon Journal Publishing Co. v. Waters* (1993), 67 Ohio St.3d 321, 322, 617 N.E.2d 1110, 1112. The state has asserted that the information sought constitutes trade secrets, the disclosure of which is prohibited by R.C. 1333.51(C). R.C. 1333.51(C) expressly provides that:

"No person, having obtained possession of an article representing a trade secret or access thereto with the owner's consent, shall convert such article to his own use or that of another person, or thereafter without the owner's consent make or cause to be made a copy of such article, or exhibit such article to another."

As the Ohio Supreme Court held in *Allright Parking* and *Seballos,* trade secrets are protected from disclosure under R.C. 149.43 unless there is a statutory waiver. There is no statutory waiver in this case, nor is there an agreement between the bidders and the state to waive trade secret protection upon submitting proposals.

■ As trade secrets in this case are protected under R.C. 1333.51, our analysis will focus upon whether the redacted portions of TRW's proposal and the evaluation records constitute trade secrets. The issue of whether particular information is a trade secret under R.C. 1333.51 is a factual determination for the trial court. *Water Mgt., Inc. v. Stayanchi* (1984), 15 Ohio St.3d 83, 15 OBR 186, 472 N.E.2d 715. "The law in Ohio is clear that an appellate court will not disturb the findings of the trier of fact unless they are against the manifest weight of the evidence." *Kinney v. Mathias* (1984), 10 Ohio St.3d 72, 73, 10 OBR 361, 362, 461 N.E.2d 901, 903. Accordingly, the trial court's determination that the requested information does, in fact, constitute trade secrets will be upheld if supported by some competent, credible evidence. *Id.; C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

"Trade secrets" are defined in R.C. 1333.51(A)(3) as follows:

" 'Trade secret' means the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, or improvement, or any business plans, financial information, or listing of names, addresses, or telephone numbers, which has not been published or disseminated, or otherwise become a matter of general public knowledge. Such scientific or technical information, design, process, procedure, formula, or improvement, or any business plans, financial information, or listing of names, addresses, or telephone numbers is *presumed to be secret when the owner thereof takes measures*

*designed to prevent it, in the ordinary course of business, from being available to persons other than those selected by the owner to have access thereto for limited purposes."* (Emphasis added.)

 In applying R.C. 1333.51(A)(3), a trial court should examine those facts which show the extent to which information is known outside the business and the precautions taken to guard the secrecy of that information. *Id.* The trial court found that TRW's affidavit outlining the precautionary steps taken to preserve the information created a statutory presumption of trade secret under R.C. 1333.51(A)(3). Appellant did not present sufficient evidence to rebut a finding of trade secret status. On this basis also, denial of appellant's motion for summary judgment was proper.

The trial court conducted an *in camera* inspection of both the bid evaluation and TRW's proposal, and determined that the records did, in fact, contain trade secrets. In reaching this conclusion, the trial court applied the factors listed in *Pyromatics, Inc. v. Petruziello* (1983), 7 Ohio App.3d 131, 7 OBR 165, 454 N.E.2d 588. We find this procedure to be consistent with the Ohio Supreme Court's opinion in *Water Management.*

TRW presented evidence that the information sought was not known by other vendors, including appellant. Evidence also supported the finding that TRW took extensive steps to protect the confidentiality of its alleged trade secrets, including limited access internally. Employee access to the "trade secrets" was limited to a select number of employees. Restrictions included: secured building with locked room and dissemination of the "trade secrets" to other employees only on a need-to-know basis. Prior to removing the "trade secrets" from the secured room, a label titled "PROPRIETARY INFORMATION Handling Instructions" was attached to the material to ensure this protection. According to the evidence, TRW's AFIS utilized an "open systems architecture" which is a unique development and design. TRW's Deputy Proposal Manager testified, via affidavit, that appellant had not developed and marketed an "open systems architecture" AFIS system.

The above evidence satisfies the requirements for establishing "trade secrets" under *Water Management,* 15 Ohio St.3d at 86, 15 OBR at 188, 472 N.E.2d at 718, and *Pyromatics,* 7 Ohio App.3d at 131, 7 OBR at 165, 454 N.E.2d at 588. Accordingly, this court will not substitute its judgment for that of the trial court on these factual issues. *Water Management,* 15 Ohio St.3d at 86, 15 OBR at 188, 472 N.E.2d at 718. Therefore, appellant is not entitled to a writ of mandamus, and its first assignment of error is overruled.

 In its second assignment of error, appellant claims that the trial court erred in conducting an *"ex parte," in camera* review of the records. More

specifically, appellant claims that the trial court should have held an evidentiary hearing in order to enable appellant to rebut the state's characterization of the requested information as trade secrets. In addition, appellant alleges that the state did not meet its burden in proving that the redacted sections of the records were exempted from disclosure.

At the same time, appellant also claims that *in camera* inspection was not necessary because, as a matter of law, any trade secrets lost their protection when they were submitted as "part of the proposal and not ancillary" thereto. This argument, however, is rejected for the reasons outlined in our discussion of the first assignment of error.

The trial court did not err, as appellant alleges, in conducting an *in camera* review. "When a governmental body asserts that public records are excepted from disclosure and this assertion is challenged, the court in which the action is brought must conduct an *in camera* inspection of the documents." *Seballos*, 70 Ohio St.3d at 671, 640 N.E.2d at 832. As noted above, the state's declaratory judgment action is deemed a denial of appellant's request for disclosure and a determination that the information was excepted from disclosure. Appellant has challenged the state's refusal to disclose the information. The trial court, therefore, followed the appropriate procedure in conducting an *in camera* review of the disputed materials. *Allright Parking.* " 'An *in camera* inspection remains the best procedure' for determining whether records are excepted from disclosure." *Id.*, 63 Ohio St.3d at 776, 591 N.E.2d at 711, citing *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1991), 57 Ohio St.3d 77, 81, 566 N.E.2d 146, 150.

Appellant's second assignment of error is overruled.

Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

PEGGY BRYANT and CACIOPPO, JJ., concur.

MARY CACIOPPO, J., retired, of the Ninth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.