BIOMEDICAL INNOVATIONS, INC., Appellant,

v.

McLAUGHLIN, d.b.a. Work Well Company, et al., Appellees.

[Cite as *Biomedical Innovations, Inc. v. McLaughlin* (1995), 103 Ohio App.3d 122.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE09–1295.

Decided April 20, 1995.

124

*Lyman Brownfield,* for appellant.

*James H. Gordon,* for appellees.

CLOSE, Judge.

This is an appeal from a judgment rendered in the Franklin County Court of Common Pleas granting partial summary judgment and, consequently, dismissing several causes of action with respect to various defendants. Plaintiff-appellant, Biomedical Innovations, Inc., voluntarily dismissed its remaining claims in order to pursue this appeal.

 Additionally, two of the three defendants (all three are appellees herein) have cross-appealed the denial of summary judgment with respect to the remaining claims which appellant has dismissed for purposes of this appeal. In any event, the trial court's denial of summary judgment does not constitute a final

appealable order. The cross-appellants' assignments of error are, therefore, overruled, and our discussion below will focus on the primary appeal noted above.

Appellant, Biomedical Innovations, Inc., is an Ohio corporation engaged in the business of buying and selling rubber gloves for sanitary purposes. Appellee, Gregory B. Kaye, was an employee of appellant. He resigned in April 1993. In May 1992, while in appellant's employ, Kaye executed a noncompetition agreement. After resigning, Kaye began working for appellees, David T. McLaughlin and David T. McLaughlin, d.b.a. Work Well Company. This lawsuit followed.

Appellant brought suit alleging breach of employment contract and other related claims which included trespass, conversion, criminal mischief, and misappropriation of trade secrets/proprietary rights. In its complaint, appellant sought injunctive relief and damages, including punitive damages. Kaye, McLaughlin and Work Well Company were all three named as defendants and alleged to be jointly and severally liable.

The complaint alleged, in essence, that, on the day following his resignation, Kaye, without authorization, used appellant's office key, entered the office, viewed and copied confidential files, and erased business records from appellant's computer. Kaye then went to work for David T. McLaughlin, d.b.a. Work Well Company, which, in some aspects, was a competitor of appellant. The complaint further alleged that McLaughlin and Work Well utilized the knowledge that Kaye had gained through his employment with appellant, namely information regarding sources of gloves, to expand its business. By virtue of Kaye's knowledge, Work Well was alleged to have gained an unfair competitive advantage.

Appellees moved for summary judgment with respect to all of appellant's claims. For purposes of clarification, these claims include the following eight claims:

Claim One: Trespass

Claim Two: Conversion

Claim Three: Criminal Mischief

Claim Four: Breach of Employment Contract

Claim Five: Misappropriation of Proprietary Rights

Claim Six: Joint & Several Liability on counts 1 through 5

Claim Seven: Punitive Damages

Claim Eight: Injunctive Relief

The trial court granted partial summary judgment as follows. With respect to claims three and four, criminal mischief and breach of employment contract, the trial court granted summary judgment in favor of all three defendants. With

respect to claim one, trespass, the trial court granted summary judgment in favor of McLaughlin and Work Well Company, but not Kaye. The trial court denied summary judgment, as to all defendants, on the conversion claim in claim two. With respect to claim five's claim for misappropriation of proprietary rights, the trial court granted partial summary judgment in favor of all three defendants. Summary judgment was denied with respect to that portion of claim five which alleged misappropriation of trade secrets, such as computer information and records which required a password to access. The trial court granted partial summary judgment with respect to claim six, joint and several liability, to correspond with its rulings on claims one through five. Finally, the trial court granted partial summary judgment as to claim eight, to the extent that summary dismissal of claims three, four, and part of claims one and five would not make injunctive relief possible.

Pursuant to Civ.R. 41, appellant voluntarily dismissed the claims which withstood summary judgment. With the propriety of its appeal established, appellant raises the following single assignment of error:

"The Court below erred in granting partial summary judgment to the Appellees concerning Appellant's claims of breach of employment contract, misappropriation of proprietary information, joint and several liability of the Appellees, and injunctive relief based on Appellee's violation of the employment contract."

Rather than addressing appellant's independent arguments in the order that appellant brings them, we will address each claim in which the trial court granted full or partial summary judgment, as is appropriate.

■■■ The trial court properly granted summary judgment in favor of all appellees with respect to claim three. This count alleged a criminal violation. Criminal violations are brought not in the name of the individual party but rather by, and on behalf of, the state of Ohio or its subdivisions. *Atlantic & Great W. Ry. Co. v. Dunn* (1869), 19 Ohio St. 162, 172; *State v. Warner* (1990), 55 Ohio St.3d 31, 564 N.E.2d 18. Appellant's claim for civil damages was inappropriate because it was based upon an alleged violation of a criminal statute under which criminal penalties result. For this reason, summary judgment on this issue was appropriate with respect to the joint and several liability claim in claim six. Accordingly, the trial court was wholly correct in granting summary judgment.

■■■ With regard to the other instances where the trial court granted summary judgment, appellant apparently failed to meet its burden of production, as required in *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, and *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. The United States Supreme Court indicated in *Celotex* that, where the nonmoving party will bear the burden of proof at trial, the moving

party has only the burden of persuasion to show that no genuine issue of material fact exists. The moving party need only "point out" that there is an absence of evidence on an essential element of the nonmoving party's case. *Celotex*, at 325, 106 S.Ct. at 2553–2554, 91 L.Ed.2d at 275–276. In *Wing*, the Ohio Supreme Court adopted *Celotex* and clarified the burden placed upon nonmoving parties. Pursuant to *Wing*, a motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production of trial.

With this standard in mind, we conclude that the trial court properly granted summary judgment. Its findings are totally in keeping with the record presented here. Appellant had an obligation to produce factual evidence on the issues for which it bore the burden of production at trial. While appellant argued these issues and filed an affidavit purporting to support them, no evidence was presented on essential elements of the claims in question.

 Although the trial court found there was a question of fact as to whether or not Kaye trespassed, the trial court found that McLaughlin and Work Well were entitled to judgment as a matter of law. Pursuant to *Baker v. Shymkiv* (1983), 6 Ohio St.3d 151, 153, 6 OBR 206, 207–208, 451 N.E.2d 811, 813–814:

" * * * 'One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he *intentionally* (a) enters land in the possession of the other or causes a thing or a third person to do so * * *.' (Emphasis added.) Restatement of Torts 2d 277, Section 158. * * * "

"Generally, a person is not liable for trespass unless it is committed by that person or by a third person on his orders." 88 Ohio Jurisprudence 3d (1989) 595, Trespass, Section 20. Appellant has failed to present factual evidence showing that McLaughlin and Work Well caused Kaye to enter the premises on April 16, 1993. Nor is there factual evidence that McLaughlin and Work Well were otherwise intentionally connected to Kaye's alleged wrongful entry. Summary judgment as to them was appropriate.

 With regard to claim five, the trial court granted summary judgment for certain items alleged to have been misappropriated. To support a claim for misappropriation of trade secrets, appellant must present evidence of facts which show the extent to which information is known outside the business and the precautions taken to guard the secrecy of information. *Water Mgt., Inc. v. Stayanchi* (1984), 15 Ohio St.3d 83, 86, 15 OBR 186, 188, 472 N.E.2d 715, 718; *Pyromatics, Inc. v. Petruziello* (1983), 7 Ohio App.3d 131, 7 OBR 165, 454 N.E.2d 588. "There is no presumption that any particular idea imparted to or acquired

by an employee is a trade secret unless the possessor takes active steps to maintain the secrecy." *Water Mgt., Inc.,* at 85–86, 15 OBR at 187–188, 472 N.E.2d at 716. Appellant presented no evidence showing that it had taken protective measures to guard the secrecy of the following information: order entry forms, customer lists, inventory reports, call tag reports, original reports sent April 15, 1993 and April 16, 1993, and communications between appellant's Ohio office and its Arkansas office. Accordingly, the trial court properly determined that appellant failed to factually support its claim for misappropriation of these items.

For the same reasons, summary judgment as to the joint and several liability of McLaughlin and Work Well, alleged in claim six, was also appropriate.

▮▮▮ Finally, with regard to claim four, the alleged breach of employment contract, it is necessary to determine whether appellant factually met its burden of producing evidence relating to the elements of the breach of that contract. As the alleged breach related to the noncompetition portion of the agreement, appellant is required to show that the noncompetition agreement was valid. See *Levine v. Beckman* (1988), 48 Ohio App.3d 24, 548 N.E.2d 267, citing *Raimonde v. Van Vlerah* (1975), 42 Ohio St.2d 21, 71 O.O.2d 12, 325 N.E.2d 544. A noncompetition agreement is valid and enforceable if it is reasonable. *Id.* This requires evidence that: (1) the agreement was no greater than required for the protection of the employer; (2) it did not impose an undue hardship on the employee; and (3) it is not injurious to the public. *Id.*

Again, appellant has not presented any evidence regarding the validity of said agreement. The record indicates that appellant submitted the contract into evidence and did nothing further. Furthermore, appellant's president testified in his deposition that appellant's market encompasses the continental United States and some international markets. Appellant has not presented factual evidence regarding the reasonableness, and, therefore, the validity of the restrictions contained in the noncompetition agreement. Having failed to present any evidence on the elements necessary to show that the noncompetition agreement was valid, appellant's claim must fail. Summary judgment was, therefore, properly granted.

Having affirmed the trial court on the substantive areas upon which judgment was rendered, it is axiomatic that summary judgment as to the remaining claims, joint and several liability under claim six, punitive damages under claim seven and injunctive relief under claim eight, was likewise correct. The trial court granted summary judgment on these claims only to the extent that they corresponded with its disposition of the underlying substantive claims.

For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG and TYACK, JJ., concur.