{¶ 1} This timely appeal arises from an order of the Jefferson County Court of Common Pleas granting a Motion to Enforce Settlement Provision. The Appellant in this case is the Ohio Department of Commerce, Division of State Fire Marshal ("State Fire Marshal"). The trial court ordered the State Fire Marshal to preserve the confidentiality of information relating to the relocation of three wholesale fireworks licenses. The court ordered that the information, "be kept confidential and not subject to public disclosure in response to a public records request made pursuant to R.C. 149.32." It is apparent from the record that the original complaint underlying this appeal has been dismissed, and that the trial court did not retain jurisdiction to entertain Appellee's Motion to Enforce Settlement. As the trial court had no jurisdiction in this matter, the court's order granting Appellee's motion must be vacated.
 {¶ 2} Appellee Safety 4th Fireworks, Inc. ("Safety 4th") is licensed by the State Fire Marshal to sell wholesale fireworks. On July 8, 1999, Safety 4th filed a complaint in the Jefferson County Court of Common Pleas in an effort to force the State Fire Marshall to approve the transfer of three of Safety 4th's wholesale fireworks licenses. The controversy between the parties arose, in part, due to changes in the statute governing the transfer of wholesale fireworks licenses, R.C.3743.17. The changes occurred due to Am.Sub.H.B. No. 215, effective June 30, 1997. These changes appear to have restricted the license holder's ability to transfer its fireworks license after the effective date of Am.Sub.H.B. No. 215.
 {¶ 3} On June 6, 2001, the parties terminated the litigation and entered into an Agreed Order ("Settlement Agreement"). The State Fire Marshal agreed to allow Safety 4th until June 6, 2004, to submit written information about any proposed relocation of their wholesale fireworks licenses, and agreed to treat any final approval of a license transfer as if it were effective on June 27, 1997 (i.e., prior to the effective date of Am.Sub.H.B. No. 215).
 {¶ 4} On February 13, 2002, Safety 4th filed a document which it styled as a Motion to Enforce Settlement Provision. The motion was much more than a request for enforcement of the provisions of the Settlement Agreement. Safety 4th requested that any information about the proposed sites for relocating their fireworks licenses be kept confidential until the transfer of the licenses had become final. Safety 4th was apparently in the process of acquiring possible sites to relocate its wholesale fireworks operations. Safety 4th alleged that its attempt to relocate might be thwarted if certain third parties, particularly other fireworks wholesalers, discovered the relocation sites prior to the license transfers. Safety 4th argued that the State Fire Marshal implicitly agreed to keep the relocation sites confidential as part of the Settlement Agreement of June 6, 2001.
 {¶ 5} The court held a hearing on Safety 4th's motion on February 25, 2002. At the hearing, both parties admitted that the confidentiality provision was, in fact, a new provision not addressed in any way in the Settlement Agreement. (2/25/02 Tr., p. 9.) Nevertheless, on April 18, 2002, the trial court ordered that:
 {¶ 6} "any and all information provided by the plaintiffs [Safety 4th] to the Ohio State Department of Commerce and/or any of its subdivisions regarding the proposed sites of relocation for the plaintiffs' wholesale fireworks licenses * * * pursuant to the settlement agreement be kept confidential and not subject to public disclosure in responses to a public records request made pursuant to R.C. 149.43."
 {¶ 7} The State Fire Marshal filed a timely appeal of the April 18, 2002, Order on May 20, 2002.
 {¶ 8} Safety 4th argues that this case does not present a justiciable controversy, and is therefore not yet reviewable. We must examine this issue before we can reach the substantive issues in this appeal. Safety 4th asserts that it has not yet provided any information to the State Fire Marshal, and that there are no public records presently containing the information that Safety 4th wishes to protect. Safety 4th contends that a dispute will not arise until it actually submits information to the State Fire Marshal and until a third party makes a public records request for that information pursuant to R.C. 149.43. These are unusual arguments for Safety 4th to make, because it is essentially arguing that its Motion to Enforce Settlement did not involve or arise out of an actual dispute. This raises the question as to why Appellee filed its Motion to Enforce Settlement in the first place.
 {¶ 9} Appellee is correct that a court only has jurisdiction to render a judgment in a case where there is a justiciable case or controversy. "Ordinarily when there is no case in controversy, there will be no appellate review unless the underlying legal issue is capable of repetition yet evading review." Adkins v. McFaul (1996), 76 Ohio St.3d 350,350, 667 N.E.2d 1171.
 {¶ 10} Appellee is also correct that this case does not present a justiciable challenge to a request for public documents, because there has been no request for public documents. Furthermore, the means for challenging a public records request is to file a writ of mandamus in the court of common pleas, the court of appeals, or the Ohio Supreme Court, as is specifically provided for in R.C. 149.43(C). "Mandamus is the proper remedy to compel compliance with the Public Records Act, and persons requesting records under R.C. 149.43(C) need not establish the lack of an alternative, adequate legal remedy in order to be entitled to the writ." State ex rel. Lucas Cty. Bd. of Commrs. v. Ohio EnvironmentalProtection Agency (2000), 88 Ohio St.3d 166, 171, 724 N.E.2d 411. A state agency or office may also file a declaratory judgment action to determine the correctness of its actions after it has made a specific decision to release or withhold particular public records pursuant to a R.C. 149.43
request. State ex rel. Fisher v. PRC Public Sector, Inc. (1994),99 Ohio App.3d 387, 650 N.E.2d 945.
 {¶ 11} The State Fire Marshal points out that Safety 4th's Motion to Enforce Settlement may itself have been a request for a mere advisory opinion from the trial court. It is axiomatic that Ohio courts do not render advisory opinions. Egan v. Natl. Distillers Chem. Corp.
(1986), 25 Ohio St.3d 176, 25 OBR 243, 495 N.E.2d 904, syllabus.
 {¶ 12} Safety 4th's Motion to Enforce Settlement was an attempt to add conditions to the Settlement Agreement and to prevent a future or threatened breach of the new provisions. Appellee's motion was not in response to an act of the State Fire Marshall to actually release information in supposed violation of the Settlement Agreement. The trial court based its decision, here, on the premise that it was attempting to enforce the Settlement Agreement by clarifying what it claims was an implicit aspect of the agreement. We cannot find anything in the Settlement Agreement even remotely related to the issue of confidentiality.
 {¶ 13} Even if there was such a confidentiality provision in the agreement, the trial court did not have the authority to enforce the provision in this manner. Although a court generally retains jurisdiction to enforce an agreed judgment entry, a court loses its jurisdiction to enforce a settlement agreement when the underlying action has been unconditionally dismissed by the court. Tabbaa v. Koglman,149 Ohio App.3d 373, 2002-Ohio-5328, 777 N.E.2d 338, ¶ 29; Marshallv. Beach (2001), 143 Ohio App.3d 432, 436, 758 N.E.2d 247; State ex rel.Rice v. McGrath (1991), 62 Ohio St.3d 70, 70, 577 N.E.2d 1100. On the other hand, if the underlying complaint is dismissed subject to conditions, e.g., subject to a settlement agreement, the court retains the authority to enforce those conditions. Tabbaa, supra, ¶ 29. "The determination of whether a dismissal is unconditional, thus depriving a court of jurisdiction to entertain a motion to enforce a settlement agreement, is dependent upon the terms of the dismissal order." Le-AirMolded Plastics, Inc. v. Goforth (Feb. 24, 2000), 8th Dist. No. 74543, citing Showcase Homes, Inc. v. Ravenna Sav. Bank (1998),126 Ohio App.3d 328, 710 N.E.2d 347.
 {¶ 14} The June 6, 2001, Agreed Order contains the following provision:
 {¶ 15} "20. The Complaint is hereby dismissed with prejudice."
 {¶ 16} The Agreed Order does not contain any conditions precedent to the effectiveness of the dismissal. Therefore, the dismissal was effective at the time it was accepted and journalized by the court, and the dismissal of the underlying complaint was also effective upon journalization. As the underlying complaint was already unconditionally dismissed by the trial court, the trial court had no authority to entertain the Motion to Enforce Settlement arising from the dismissed complaint. For this reason, we must vacate the April 18, 2002, Order.
 {¶ 17} Our decision is not meant to prevent Appellee from enforcing the Settlement Agreement if and when an actual controversy arises. There are several ways in which to properly invoke the jurisdiction of an appropriate court should a problem with the actual terms of the agreement arise. Appellee might be able to file a complaint for declaratory judgment to determine its rights under the Settlement Agreement. Appellee might have a claim for anticipatory repudiation of the Settlement Agreement, a request for specific performance of the settlement contract, and an injunction against future breach of the agreement. In order to gain the specific relief it sought here, Appellee may be able to file a motion for an injunction, pursuant to R.C. 1333.62, to prevent the threatened misappropriation of a trade secret. The State Fire Marshal may also resort to similar methods if the need arises.
 {¶ 18} We conclude that the trial court was without jurisdiction to resolve Safety 4th's Motion to Enforce Judgment. The trial court was without jurisdiction to essentially reopen a closed case. Even if the trial court had been vested with proper jurisdiction, it was attempting to enforce a confidentiality provision that was not part of the parties' Settlement Agreement. Further, the trial court had absolutely no evidence before it on which to base a decision to add language to the agreement. Argument of counsel is not evidence. Thus, the court's April 18, 2002, Order, is hereby vacated.
Donofrio and DeGenaro, JJ., concur.