DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, William B. Cook, appeals from the judgment of the Summit County Court of Common Pleas, which granted summary judgment in favor of appellees, Bobby J. Criminger and Chris Jackson, as against appellant. This Court affirms.
 I. {¶ 2} On February 11, 1998, appellant filed a complaint in the United District Court for the Northern District of Ohio ("the federal case") against Cleveland State University ("CSU"), alleging that CSU interfered with appellant's property rights in violation of certain provisions of the United States and Ohio Constitutions. Specifically, appellant alleged in the federal case that CSU deprived him of his right to substantive due process, procedural due process and equal protection under the law. The federal case proceeded to bench trial before the Honorable Lesley Wells, and on July 10, 2000, Judge Wells issued a judgment entry and findings of fact and conclusions of law in regard to appellant's February 11, 1998 complaint. In relevant part, Judge Wells concluded as a matter of law that appellant had failed to establish that CSU violated his right to equal protection. Judge Wells entered judgment in favor of CSU as against appellant.
 {¶ 3} In the instant case, on March 12, 2004, appellant filed a complaint against appellees, Bobby Criminger and Chris Jackson, asserting that at all times relevant to the allegations, appellees were upper level employees of CSU. Appellant asserted four counts in his complaint. Counts I, II, and III, respectively, accused appellees of perjury, conspiracy to obstruct justice, and theft. Count IV alleged "a violation of equal protection complained of by [appellant] in his original complaint to the Wells court."
 {¶ 4} Appellees timely filed a motion for summary judgment in the trial court. Nearly one month later, appellant filed a response in opposition to appellees' motion for summary judgment, as well as appellant's amended complaint. Appellant did not request leave to file his amended complaint.
 {¶ 5} On August 16, 2004, the trial court issued a judgment entry, granting appellees' motion for summary judgment as against appellant. The trial court ruled that summary judgment for appellees was appropriate in regard to Counts I, II and III, because those counts alleged violations of criminal law, which cannot form the basis of a civil lawsuit. The trial court further ruled that summary judgment for appellees was appropriate in regard to Count IV, because appellant's equal protection claim was barred by the doctrine of res judicata. The trial court also ordered appellant's amended complaint stricken, because it was filed in contravention of Civ.R. 15(A). Appellant timely appeals, setting forth eight assignments of error for review. This Court addresses the assignments of error out of order for ease of review.
 II. SEVENTH ASSIGNMENT OF ERROR
"Cook files an amended complaint and defense files an objection to that amended complaint stating cook did not ask leave of court. Cook is pro-se. where is it written that judge unruh cannot grant leave of court without cook [SIC] asking for leave of court, especially to a pro-se wanting justice. [sic] do you agree?"
 {¶ 6} Appellant argues that the trial court abused its discretion, when it did not grant appellant, a pro se litigant without the benefit of legal training, leave to file his amended complaint. This Court disagrees.
 {¶ 7} This Court has held that "pro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel."Jones Concrete, Inc. v. Thomas (Dec. 22, 1999), 9th Dist. No. 2957-M. We continued that pro se civil litigants "are not to be accorded greater rights and must accept the results of their own mistakes and errors." Id., citing Kilroy v. B.H. Lakeshore Co. (1996), 111 Ohio App.3d 357,363 (holding that pro se litigants are "presumed to have knowledge of the law and of correct legal procedure and [are] held to the same standard as all other litigants"). Therefore, this Court does not demand that the trial court should have accorded appellant any greater leniency in regard to appellant's proper procedural management of his case.
 {¶ 8} Civ.R. 15(A) provides, in relevant part:
"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of the court shall be freely given when justice so requires. * * *"
 {¶ 9} Appellant filed his amended complaint after appellees filed their dispositive motion, without written consent of appellees, and without requesting leave of court to do so. Because appellant never requested leave to file an amended complaint, the trial court did not deny such a motion, thereby mooting any need for an analysis of whether the trial court abused its discretion. See, Miller-Wagenknecht v. MidlandMut. Life Ins. Co. (May 4, 1994), 9th Dist. No. 16457. In the absence of any request by appellant for leave to amend his complaint, the trial court did not err when it ordered the amended complaint stricken from the record. Appellant's seventh assignment of error is overruled.
 FIRST ASSIGNMENT OF ERROR
"Judge unruh states `while the plaintiff refers the court to various statutory provisions which provide that there may be civil recovery for criminal actions, these statutes all provide that there must first be a criminal action.' it was the Actions of the defendants, which may have been criminal, that caused the harm. i am neither a prosecutor or [sic] an attorney. pg. 4 that statement is incorrect; no criminal action is necessary to recover in a civil action. do you agree?"
 {¶ 10} Appellant appears to argue that the trial court erred by granting summary judgment to appellees in regard to Counts I, II and III in the complaint, because a criminal conviction is not necessary to allow a civil litigant to recover damages. This Court disagrees.
 {¶ 11} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the nonmoving party. Viock v. Stowe-Woodward Co.
(1983), 13 Ohio App.3d 7, 12.
 {¶ 12} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 13} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the nonmoving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 14} Appellant accused appellees of three criminal offenses in Counts I, II and III of his complaint. Based on the alleged crimes, appellant sought compensatory, punitive, and treble damages, plus costs.
 {¶ 15} "Criminal violations are brought not in the name of the individual party but rather by, and on behalf of, the state of Ohio or its subdivisions." Biomedical Innovations, Inc. v. McLaughlin (1995),103 Ohio App.3d 122, 126, citing Atlantic Great W. Ry. Co. v.Dunn (1869), 19 Ohio St. 162, 172. Therefore, it was not appropriate for appellant to bring claims for civil damages premised upon alleged violations of criminal statutes. Biomedical Innovations, Inc.,103 Ohio App.3d at 126. Further, appellant's reliance on R.C. Chapter 2307 is misplaced, as there is no evidence that appellees were ever charged, let alone convicted, of the criminal acts alleged by appellant. Under these circumstances, no genuine issue of material fact exists, and summary judgment for appellees was appropriate in regard to Counts I, II and III in the complaint. Appellant's first assignment of error is overruled.
 {¶ 16} The second, third, fourth, fifth and sixth assignments of error all address the trial court's granting of summary judgment regarding Count IV on the basis of res judicata, and will be addressed by this Court together.
 SECOND ASSIGNMENT OF ERROR
"Without explaining what change in facts have occurred, the plaintiff asserts that neither res judicata nor collateral estoppel is applicable "[w]here there has been a subsequent change in facts which would have been relevant to resolution of material issue involved in prior action". [sic] pg. 5 both defendants gave false testimony at federal trial. (Called Fraud). that fraud was self serving causing judge wells to believe they were credible witnesses and withholding the truth from that judge which would have proved the case against the defendant, cleveland state university. do you agree false swearing (fraud) overrides res judicata and collateral estoppel. [sic]"
 THIRD ASSIGNMENT OF ERROR
"PG. 6 Judge unruh quotes Grava v. Parkman Twnship (1995) * * * and hold [sic] that a valid, final judgment Rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. (Emphasis added) valid is defined as well grounded, sound, supportable, and incontestable. merits are defined as, [sic] the factual substance of a case, also the intrinsic right or wrong of any matter: the actual facts of a matter. judge unruh misinterpreted the courts [sic] finding ingrava. [sic] because the merits were distorted subject matter different. do you agree?"
 FOURTH ASSIGNMENT OF ERROR
"Judge Unruh quotes Kelm v. Kelm, res judicata operates the bar of litigation of `all claims which were or might have been litigated in the first lawsuit' [sic] fraud overrides that statement. how `might i' with fraud. [sic] do you agree?"
 FIFTH ASSIGNMENT OF ERROR
"Judge Unruh quotes Nat'l Amusements, Inc. v. Springdale [sic] Defining `transaction' as a `common nucleus of operative facts' [sic] fraud is outside that common nucleus. do you agree?"
 SIXTH ASSIGNMENT OF ERROR
"Judge Unruh quotes Grava v. Parkman Twnship., [sic] Ohio law has established that `[a} [sic] claim litigated to finality in the united states district court cannot be relitigated in a state court when the state claim involves the Identical subject matter previously litigated in the federal court, and there is present no issue of party or privity.' of course the subject matter has changed due to fraud. I am suing in there [sic] personal capacity for fraud and deceit. do you agree?"
 {¶ 17} Appellant argues that the trial court erred by granting summary judgment in favor of appellees as against appellant upon finding that appellant's claim in Count IV of the complaint was barred by the doctrine of res judicata. Specifically, appellant argues that res judicata is inapplicable to bar his claim, because appellees lied while testifying in the federal case. Appellant argues that appellees' false testimony constituted fraud, which tainted the validity of the judgment out of the federal case, so that res judicata is inapplicable. In addition, appellant argues that appellees are not in privity with CSU, the defendant in the federal case. This Court disagrees.
 {¶ 18} Under the doctrine of res judicata, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus. In addition, Ohio law has long recognized that "`an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit.'" Natl. Amusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60,62, quoting Rogers v. Whitehall (1986), 25 Ohio St.3d 67, 69. The doctrine serves the valid policy of ultimately ending any given litigation and ensuring that no party will be "`vexed twice for the same cause.'" Green v. Akron (Oct. 1, 1997), 9th Dist. Nos. 18284/18294, quoting LaBarbera v. Batsch (1967), 10 Ohio St.2d 106, 113.
 {¶ 19} Before res judicata may attach, there must be mutuality of parties, i.e., the parties in both actions either must be identical or in privity with one another. Green. This Court has defined privity as "`such an identification of interest of one person with another as to represent the same legal right.'" Id., quoting Buchanan v. Palcra, Inc. (Dec. 31, 1987), 6th Dist. No. E-87-22.
 {¶ 20} This Court first addresses the issue of privity of parties. In the federal case, appellant sued CSU, alleging a denial of equal protection arising out of CSU's alleged actions involving appellant's property. In the instant case before the common pleas court, appellant sued appellee Criminger, identifying him "at all times relevant hereto, as the Executive Director of Facilities Management at CSU[.]" In this case, appellant sued appellee Jackson, identifying her as "an officer and employee of CSU, mainly as vice president of finance administration at CSU." Even though appellant alleges that he sued appellees within their individual capacities, merely saying it does not make it so. By the plain language of the complaint, appellant's allegations against appellees concern appellees' actions as agents of CSU and as involving appellant's property. Under those circumstances, CSU and appellees share such an identification of interest as to represent the same legal right. Therefore, this Court finds that CSU and appellees are in privity with one another in regard to the federal case and Count IV of the complaint before the common pleas court.
 {¶ 21} This Court next addresses appellant's argument that fraudulent or deceitful testimony by appellees tainted the proceedings in the federal case, thereby negating the applicability of the doctrine of res judicata in the instant matter. There is no evidence of the kind required by Civ.R. 56(C) before this Court to establish that appellees lied during their testimony before Judge Wells in the federal case. This Court is limited to considering the record on appeal as delineated in App.R. 9(A). App.R. 12(A)(1)(b). Without any evidence as required by Civ.R. 56(C) establishing that there was there was any irregularity in the prior federal case which invalidated that judgment, neither the trial court nor this Court may consider appellant's unsubstantiated allegations that lies and fraud in the federal case preclude the application of the doctrine of res judicata in this case.
 {¶ 22} Finally, this Court considers whether the judgment rendered in the federal case bars appellant's allegation of a denial of equal protection in Count IV of his complaint. In the federal case, Judge Wells made the following conclusion of law:
"G. Mr. Cook has failed to establish that CSU has violated his right to equal protection. Pennell v. City of San Jose, 485 U.S. 1, 14 (1988)."
Then, in Count IV of his complaint before the common pleas court, appellant alleged that "[t]hat is a violation of equal protection complained of by Cook in his original complaint to the Wells court." Appellant himself asserts that the equal protection violations alleged both in the federal case and the instant one are identical. This Court has already found privity of parties. Therefore, because the federal district court issued a valid, final judgment disposing of appellant's equal protection claim in the prior federal case, the doctrine of res judicata serves to bar appellant from relitigating that claim before the common pleas court.
 {¶ 23} Consequently, the trial court did not err by granting summary judgment in favor of appellees as against appellant in regard to Count IV of appellant's complaint. Appellant's second, third, fourth, fifth and sixth assignments of error are overruled.
 EIGHTH ASSIGNMENT OF ERROR
"Do you agree with me that title 42 U.S.C.S. 1982/1983/1985 allows [sic] me to sue defendants in this case?"
 {¶ 24} Appellant inquires whether Sections 1982, 1983 and 1985, Title 42, U.S.C.S., allow him to sue appellees in this case before the common pleas court. While appellant mentioned these sections of Title 42 in his response to appellees' motion for summary judgment, his arguments in that regard were not responsive to the issues raised in appellees' motion and not addressed by the trial court. This Court, too, finds those sections inapplicable to the issues before us on appeal.
 {¶ 25} This Court declines to answer appellant's question, raised as his eighth assignment of error. We have already stated:
"`This court is loath to issue advisory opinions which do not serve to materially advance correct disposition of the matter on appeal.' We will not issue a decision which does not affect the case before us." Andonianv. A.C. S., Inc. (1994), 94 Ohio App.3d 572, 575-576.
 {¶ 26} This Court has already determined that the trial court properly granted summary judgment in favor of appellees as against appellant in regard to all four counts in the complaint. Any determination, therefore, on the issues raised by appellant in his eighth assignment of error would have no effect on the disposition of this case. Appellant's eighth assignment of error is overruled.
 III. {¶ 27} Appellant's eight assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, which granted summary judgment in favor of appellees as against appellant on all four counts of appellant's complaint, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. Moore, J. concur.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)