DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Michael and Teresa D'Egidio, appeal the decision of the Lorain County Court of Common Pleas denying their 60(B) motion for relief from judgment. We affirm the decision of the trial court.
 {¶ 2} On April 1, 2004, Appellee, Huntington National Bank, filed a complaint for foreclosure. After Appellants filed their answer, Appellee moved for summary judgment. On August 5, 2004, the trial court granted Appellee's motion, finding that Appellants "failed to present any competent Civ.R. 56(C) evidence setting fourth specific facts that show that a genuine issue exists for trial." Foreclosure and sale of the property was then ordered.
 {¶ 3} Appellants thereafter filed an "Evidence Book" which the trial court considered as a motion to reconsider its ruling.[1] On August 20, 2004, the lower court recorded a journal entry denying Appellants' motion, noting that, again, Appellants had failed to submit any Civ.R. 56 evidence to show that a genuine issue remained for trial.
 {¶ 4} A default judgment and foreclosure decree were entered by the trial court on October 8, 2004, and on October 29, 2004, an order of sale was issued to the Sheriff. On November 29, 2004, Appellants filed Civ.R. 60(B) motion for relief from judgment, and a motion to stay proceedings pending the ruling on the 60(B) motion. After conducting a hearing on the matter, the trial court denied Appellants' motion for relief from judgment on January 25, 2005. Appellants now appeal, asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court abused its discretion when it denied [Appellants'] motion to vacate its order granting summary judgment to [Appellee]."
 {¶ 5} In their only assignment of error, Appellants maintain that the trial court wrongfully denied their motion to vacate its judgment pursuant to Civ.R. 60(B). We disagree.
 {¶ 6} The facts pertinent to the instant appeal are as follows: On December 21, 2001, Michael D'Egidio signed a personal loan agreement evidencing the terms of a loan from Appellee, Huntington National Bank. The loan was secured by a Mortgage Deed executed by both Appellants. At the time the mortgage deed was executed, Teresa was the sole owner of the secured property. Michael was the sole obligor on the note, which was secured by the mortgage Teresa had executed. Payments were not made as required by the terms and conditions of the note and mortgage, resulting in default. As a consequence of the default, Appellee filed a complaint seeking to foreclose on the property used to secure the loan. The trial court granted Appellee's motion for summary judgment, ordered a foreclosure sale and thereafter denied Appellant's 60(B) motion for relief from judgment; the last of which forms the basis of the instant appeal.
 {¶ 7} An appellate court reviews a trial court's decision to deny a Civ.R. 60(B) motion for relief from judgment under an abuse of discretion standard. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion connotes more than an error of law or judgment; it implies an attitude on the part of the court that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 8} In order for Appellants to prevail on their Civ.R. 60(B) motion for relief from judgment, they would have to demonstrate that: (1) they have a "meritorious defense or claim to present if relief is granted; (2) the[y are] entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time[.]" GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, at paragraph two of the syllabus. We find that the trial court did not abuse its discretion in finding that Appellants failed meet the required standards to prevail on a 60(B) motion.
 {¶ 9} Civ.R. 60(B) provides as follows:
"On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment * * * for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, * * * or (5) any other reason justifying relief from the judgment."
 {¶ 10} Appellants claim that they should be entitled to relief from judgment under Civ.R. 60(B)(1), which allows relief to be granted on the bases of mistake or excusable neglect. Appellants allege that "[g]iven that they were pro se at the time, they may not have framed their responses [to Appellee's motion for summary judgment] in perfect appropriate [Civ.R.] 56 stylings, but a substantial effort was clearly made." Thus, Appellants argue, "[t]hese circumstances certainly qualify within the purview of mistake, surprise and/or excusable neglect as contemplated by [Civ.R.] 60(B)(1), the misconduct/fraud provisions of 60(B)(3), and the `catch all' provisions of 60(B)(5) for vacating judgment[.]" We disagree.
 {¶ 11} "It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." State exrel. Fuller v. Mengel, 100 Ohio St.3d 352, 2003-Ohio-6448, at ¶ 10, quoting Sabouri v. Ohio Dept of Job Family Serv. (2001),145 Ohio App.3d 651, 654. "[P]ro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel." Cookv. Criminger, 9th Dist. No. 22313, 2005-Ohio-1949, at ¶ 7, quoting JonesConcrete, Inc. v. Thomas (Dec. 22, 1999), 9th Dist. No. 2957-M. As such, confusion or misunderstanding of the law by a pro se litigant does not provide grounds for granting a Civ.R. 60(B) motion for relief from judgment.
 {¶ 12} Appellants do not allege any grounds, other than neglect by virtue of their status as pro se litigants, under which they claim they that are entitled to relief under 60(B)(1) through (5). Thus, Appellants have not met the second requirement set forth in GTE Automatic, supra, which requires Appellants to demonstrate that "they are entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5)" in order to prevail on a 60(B) motion. Id, at paragraph two of the syllabus.
 {¶ 13} The Supreme Court has held that "Civ.R. 60(B) relief is improper if any one of the [GTE] requirements is not satisfied." State exrel. Richard v. Seidner (1996), 76 Ohio St.3d 149, 151, citing Strack v.Pelton (1994), 70 Ohio St.3d 172, 174. As Appellants have failed to meet one of the three GTE requirements, we need not address their remaining arguments.
 {¶ 14} We find that the trial court did not abuse its discretion in denying Appellants' 60(B) motion for relief from judgment. Appellants' assignment of error is overruled and the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Exceptions.
Whitmore, J., Baird, J., Concur.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] We note that under the Ohio Rules of Civil Procedure, a motion for reconsideration of a final judgment in a trial court is a nullity.