DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Rebecca Zahn, appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, modifying spousal and child support. We affirm in part and reverse in part.
 {¶ 2} Appellant and Appellee, Richard Zahn, divorced in 1995. On August 15, 2000, Appellee filed a motion to terminate spousal support, modify child support, and reallocate medical coverage. The magistrate heard these motions on October 2, 2000, but did not file a decision until September 17, 2002 — almost two years later. In the interim, between the hearing and filed decision, a new child support worksheet went into effect. The magistrate used the new worksheet to determine that Appellee did not owe any monthly child support, and also decreased Appellee's monthly spousal support obligation due to Appellee's recent retirement.
 {¶ 3} The trial court affirmed in part and reversed in part the magistrate's decision. The trial court, using the child support worksheet in effect at the time of the 2000 motion and hearing, modified Appellee's child support obligation to $328.90 per month for all times prior to the new worksheet's effective date. The trial court upheld the magistrate's use of the new child support worksheet in determining that Appellee owed $0 per month in child support after the effective date of the new worksheet. The court also upheld the spousal support modification. Appellant timely appealed the decision of the trial court, and raises three assignments of error.
 ASSIGNMENT OF ERROR I
"The trial court erred and abused its discretion in issuing a judgment entry modifying child support"
 {¶ 4} In her first assignment of error, Appellant argues that the trial court abused its discretion by modifying child support. While the trial court recognized the magistrate's improper use of the new child support worksheet, Appellant alleges that "the trial court did not go far enough to correct the magistrate's error." The trial court used the new child support worksheet to determine Appellee's monthly support obligation for the time after the new worksheet went into effect. Appellant argues any use of the new worksheet, where the motion and hearing were held before its effective date, is plain error. Further, Appellant argues that the trial court (1) used incorrect figures for her income in calculating child support, (2) erroneously attributed to Appellee $0 income at his retirement, and (3) improperly used a split parental rights worksheet.
 {¶ 5} This court reviews the trial court decision for an abuse of discretion. Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390, citing Boothv. Booth (1989), 44 Ohio St.3d 142, 144. A court has not abused its discretion unless its decision is the product of "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. This court is not permitted to substitute the trial court's judgment with its own. Bowen v. Bowen
(1999), 132 Ohio App.3d 616, 626, citing In re Jane Doe 1 (1991),57 Ohio St.3d 135, 137-38.
Retroactivity of Child Support Worksheet
 {¶ 6} A two part framework exists for determining whether a statute should be applied retroactively. State v. Walls, 96 Ohio St.3d 437,2002-Ohio-5059, at ¶ 10. First, one must consider whether the language of the statute clearly indicates that it should be retroactively applied. Id., citing Van Fossen v. Babcock Wilcox Co. (1988),36 Ohio St.3d 100, 106. Second, one must decide whether the statute may constitutionally be applied retroactively. Walls at ¶ 10, citing VanFossen, 86 Ohio St.3d at 106. As to the first step, R.C. 1.48 states: "A statute is presumed to be prospective in its operation unless expressly made retrospective." The Ohio Supreme Court has interpreted this to mean that a statute may only apply to cases subsequent to its enactment unless there is a clear indication that it should be applied retroactively. Lyonv. Lyon (1993), 86 Ohio App.3d 580, 587, citing Van Fossen,36 Ohio St.3d at 106. "`[T]he issue of whether a statute may constitutionally be applied retrospectively does not arise unless there has been a prior determination that the General Assembly specified that the statute so apply.'" Walls at ¶ 10, quoting Van Fossen, 36 Ohio St.3d 100, at paragraph one of the syllabus.
 {¶ 7} Ohio courts diverge on the question of whether the statutes at bar clearly indicate retrospective application. In the past, this court has held that the trial court should calculate child support using the worksheet in effect when the court makes its calculation. Dobbertinv. Dobbertin (Oct. 19, 1994), 9th Dist. No. 16555, 5-6. Other appellate courts agree. See Parzynski v. Parzynski (1992), 85 Ohio App.3d 423,430; Blake v. Blake (July 9, 1991), 10th Dist. No. 91AP-130. At least two districts currently disagree, requiring the trial court to use the worksheet in effect at the time the motion was filed. See Kaiser v.Kaiser, 8th Dist. No. 81346, 2003-Ohio-1343, at ¶ 25; Posadny v.Posadny, 2nd Dist. No. 19636, 2003-Ohio-783, at ¶ 8. The Kaiser
court argued that the legislature did not intend to apply the new worksheet retroactively. Kaiser at ¶ 25. The court, therefore, found application of the worksheet in effect at the time of the Kaisers's divorce proper even when the court did not calculate child support until after the new worksheet took effect. Id.
 {¶ 8} A review of the statutory language is instructive when dealing with this divergence of opinion. R.C. 3105.21 requires any court of common pleas making or modifying a child support order to comply with Chapters 3119, 3121, 3123, and 3125 of the Code. The child support worksheet is found within one of those chapters, at R.C. 3119.022. The introductory instructions under R.C. 3119.022 state:
"When a court or child support enforcement agency calculates the amount of child support to be paid pursuant to a child support order . . . the court or agency shall use a worksheet identical in content and form to the [worksheet given in this section.]"
The language of the applicable statutes does not clearly indicate that they should be applied retrospectively to motions filed prior to their effective date.
 {¶ 9} Because the statutes do not clearly indicate retroactive application, we hold that a court must use the child support worksheet in effect at the time the complaint or motion is filed, rather than any new worksheet that may go into effect at a subsequent date.
"That a case should be decided upon the law as it existed at the time the case was filed and tried seems basic to our system of justice. * * * [A] scheme that might not let the litigants and attorneys know what the law is relative to their case until after it has been tried seems * * * to be an anathema." Dobbertin, supra at 12 (Baird, J., dissenting).
 {¶ 10} We agree. We hereby overrule our decision in Dobbertin
to the extent that it is inconsistent with this opinion.
Appellant's Income
 {¶ 11} The magistrate stated that "[t]he parties agree that [Appellant's] current annual income is $50,000[.]" Evidence presented at the hearing was inconclusive: Appellant had not yet filed her tax return for the most recent year and her income figures were, therefore, unavailable. Figures for prior years, and tax returns filed with the court following the hearing, show that Appellant only earned approximately $33,000 per year. Appellant has consistently objected to the imputed $50,000 income used in calculation of child support.
 {¶ 12} The record before us contains no evidence of any stipulation or agreement as to how much income should be used for Appellant in the child support computation. Given the lack of credible evidence as to this finding by the trial court, we remand for recalculation using the supporting evidence at hand to determine Appellant's income.
Appellee's Income
 {¶ 13} The purpose of a modification of child support is to reflect the current income and needs of the parties. In this case, Appellee moved to modify child support based on the fact that he was retiring, and would be earning $0 in salary income. Given that Appellee paid an increased amount of child support for every month of the year leading up to his retirement, due to a support obligation based on income figures including his work salary, we find no error in the court's utilization of $0 salary income following Appellee's retirement. Appellee requested a modification to reflect his retirement. Inclusion of salary from months prior to his retirement would lead to an erroneous result: no party could truly modify child support to reflect their current situation until one tax year after their situation changed regardless of the fact they already paid support based on the income prior to the requested modification.
Split Parental Rights Worksheet
 {¶ 14} Appellant's argument that the trial court used the incorrect split parental rights worksheet is moot. The trial court used the new split parental worksheet, not the worksheet in effect at the time the motion was filed. Given our determination that the court should have used the worksheet in effect at the time the motion was filed, this argument is no longer at issue.
Conclusions as to Assignment of Error I
 {¶ 15} We find that the trial court erred by using the new child support worksheet that did not go into effect until after Appellee filed his motion. We also find that (1) the court improperly used an income amount that is not supported by credible evidence or jointly stipulated to in the record below, (2) the court properly used $0 as Appellee's salary income following his retirement, and (3) that the trial court's use of the improper split parental worksheet is moot. For these reasons, we uphold Appellant's first assignment of error, and remand for the trial court to determine the correct child support amount using (1) the worksheet in effect at the time Appellee filed his motion and (2) an income figure for Appellant supported by credible evidence in the record below.
 ASSIGNMENT OF ERROR II
"The trial court erred and abused its discretion in issuing a judgment entry modifying spousal support."
 {¶ 16} In Appellant's second assignment of error, she argues that the court abused its discretion in upholding the magistrate's decision to decrease spousal support. Appellant alleges that Appellee voluntarily retired from his neurosurgery practice, and that Appellee still owns assets, both property and income, enough to satisfy her current monthly $4,833 spousal support award. Appellant points out that the new monthly $2,917 support award by the magistrate reduces her annual support to only around 40% of the original $85,000 yearly award granted at the initial divorce.
 {¶ 17} This court reviews a trial court's decision concerning modification of spousal support under an abuse of discretion standard.Mottice v. Mottice (1997), 118 Ohio App.3d 731, 735.
 {¶ 18} As long as the trial court retained jurisdiction over a spousal support award, the court may modify it when a substantial change occurs that was not contemplated when the current award was determined. R.C. 3105.18(E); King v. Kastelic (June 1, 1994), 9th Dist. No. 15998, at 6. The moving party must prove (1) that there has been a substantial change in financial circumstance not anticipated at the time of the current award, and (2) that the current award is no longer appropriate and reasonable. See Joseph v. Joseph (1997), 122 Ohio App.3d 734, 736. The change must be "drastic." Mottice, 118 Ohio App.3d at 734. It may include any involuntary decrease in a party's wages or salary. R.C.3105.18(F). A court must first determine whether a substantial change has occurred before it may consider the appropriateness of the current award. Leighner v. Leighner (1986), 33 Ohio App.3d 214, paragraph one of the syllabus.
 {¶ 19} Courts in Ohio have concluded that retirement may be an involuntary and significant change in circumstances, especially where the party does not retire early. See Reed v. Reed (Feb. 16, 2001), 2nd Dist. No. 2000 CA 81; Trotter v. Trotter, 3rd Dist. No. 1-2000-86,2001-Ohio-2122. We agree. In this case, Appellee retired from his neurosurgery practice at age 66. Appellee claimed that the exacting nature of his work was simply too exhausting for him to continue. Unless Appellee retired simply to avoid or decrease his spousal support payments, Appellee's retirement will not be considered voluntary. SeeReed, supra; Trotter, supra. There is no evidence in this case that Appellee retired for any reason other than his inability to perform at his former exacting level over extended periods of time. We find that the trial court took into account all the necessary factors regarding spousal support, and did not err in reducing support after Appellee retired from his practice. Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"The trial court erred and abused its discretion in failing to render its decision on the modification motions within the time parameters set forth by Sup.R[.] 4(A) of the Rules of Superintendence for the courts of Ohio."
 {¶ 20} In her final assignment of error, Appellant alleges that the trial court erred by failing to timely rule on her objections to the magistrate's decision. Specifically, Appellant argues that the four months that elapsed before the trial court ruled on her objections to the magistrate's decision was error. Appellant bemoans the fact that the court issued no final appealable order on Appellee's motion in this case until nearly two and a half years after Appellee filed the original motion.
 {¶ 21} Sup.R. 40(A) states that "[a]ll motions shall be ruled upon within one hundred twenty days from the date the motion was filed, except as otherwise noted on the report forms." While this rule apparently requires a court to decide all motions within 120 days, the Rules of Superintendence are actually "purely internal housekeeping rules which are of concern to the judges of the several courts but create no rights in individual[s.]" State v. Deshich (Jan. 10, 2001), 9th Dist. No. 3054-M, at 9, quoting State v. Gettys (1976), 49 Ohio App.2d 241, 243. Not only do the Rules of Superintendence create no rights in a party, but where the challenged motion has actually been ruled upon, albeit out of the 120 day time frame under the Rule, the issue is moot. See State exrel. Dye v. Bruzzese (Oct. 29, 2001), 7th Dist. No. 01-JE-28.
 {¶ 22} In this case, Appellee filed his motion to modify child and spousal support on August 15, 2000. The original hearing before the magistrate occurred on October 2, 2000. The trial court issued a judgment on September 17, 2002, 25 months after the original motion. While we recognize that the intervening interval was excessive, we also note that the magistrate did not sit idly by during those two years. Rather, the magistrate explained at the hearing that Appellee filed his motion prematurely: the court could not rule on the hypothetical retirement situation until Appellee actually retired from his practice in September of 2001. In spite of any good intentions, this two year delay in creating a final, appealable order has greatly exacerbated the problems at hand, especially the erroneous judgment concerning child support. Regardless of our distaste for such delay, the court has finally ruled on the motion, and the issue is moot. Appellant's third assignment of error is overruled.
 {¶ 23} Appellant's first assignment of error is upheld. Appellant's second and third assignments of error are overruled. We reverse the decision of the Summit County Court of Common Pleas, Domestic Relations Division, in regard to the child support modification only, and remand for recalculation using the worksheet in effect at the time the Appellee filed his motion and an income figure for Appellant supported by credible evidence in the record below.
Judgment affirmed in part, reversed in part, and cause remanded.
BAIRD, J., and BATCHELDER, J. CONCUR.