DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Rebecca L. Zahn, appeals from two judgments of the Summit County Court of Common Pleas, Domestic Relations Division, which recalculated appellant's income in accordance with a prior remand from this Court and determined that appellee's circumstances had changed to justify modifying child support and terminating spousal support. This Court affirms.
 I. {¶ 2} Appellant and appellee, Richard C. Zahn, initially appeared before the Domestic Relations Division of the Common Pleas Court pursuant to a motion filed by appellee on September 9, 1999, requesting a reduction of child support and termination of spousal support.
 {¶ 3} In this first order, the magistrate reduced spousal and child support. The magistrate based her decision on a finding that appellant's annual income was $50,000. The trial court affirmed the magistrate's decision.[1] Appellant appealed from the trial court's order on both spousal and child support modification.
 {¶ 4} On appeal, this Court affirmed the trial court on the issue of modification of spousal support. Zahn v. Zahn, 9th Dist. No. 21541, 2003-Ohio-6124. This Court, however, remanded the case to the trial court on the issue of appellant's income. We held that there was no evidence presented to the trial court to support its finding of $50,000 of imputed income.
 {¶ 5} On remand, the trial court considered all the relevant pleadings and the transcript of the proceedings and made the finding that the appellant was voluntarily underemployed as defined under R.C. Section 3313.215 (A)(5)[2] and that $40,920 should be imputed to her as income.
 {¶ 6} On July 26, 2002, appellee filed a second motion to terminate spousal support and reduce child support due to depletion of assets and reduction of income. The trial court terminated his spousal support obligations and reduced his child support. The trial court looked at the appellee's change in circumstances, primarily his retirement and the drastic drop in the value of his assets, and found that he had experienced a substantial change in circumstances justifying modifying child support. Appellant appealed from both trial court's determinations. This Court consolidated appellant's two appeals. She assigns three errors.
 II. ASSIGNMENT OF ERROR I
"The trial court erred and abused its discretion in failing to follow the remand order of the ninth appellate district court[.]"
 {¶ 7} In her first assignment of error, appellant contends that the trial court failed to follow this Court's remand instructions. This Court disagrees.
 {¶ 8} This Court's remand instructions were:
"Evidence presented at the hearing was inconclusive: Appellant had not yet filed her tax return for the recent year and her income figures were, therefore, unavailable. Figures for prior years, and tax returns filed with the court following the hearing, show that Appellant only earned approximately $33,000 yearly. Appellant has consistently objected to the imputed $50,000 income used in calculation of child support.
"The record before us contains no evidence of any stipulation or agreement as to how much income should be used for Appellant in the child support computation. Given the lack of credible evidence as to this finding by the trial court, we remand for recalculation using the supporting evidence at hand to determine Appellant's income." Zahn at ¶ 11-12.
 {¶ 9} On remand, the trial court considered all the relevant pleadings and transcript of proceedings and made the finding that the appellant was voluntarily underemployed and that $40,920 should be imputed to her as income. In so finding, the trial court considered the appellant's prior work experience and salary, her education, and her voluntary job choices.
 {¶ 10} Both parties agree that the issue of whether a parent is `voluntarily underemployed' within the meaning of R.C. 3313.215(A)(5) is a factual matter to be determined by the trial court based upon the facts and circumstances of each case. Rockv. Cabral (1993), 67 Ohio St.3d 108, 112. The trial court's determination should not be disturbed absent an abuse of discretion. Id.
 {¶ 11} Appellant argues that the trial court was limited in finding an actual amount of income for appellant and could not, by this Court's order, go beyond this finding to determine that appellant was underemployed and impute an income to her. This Court disagrees. This Court remanded the case to the trial court to determine an income appropriate for appellant consistent with the law based on the actual evidence presented. That is precisely what the trial court did. The trial court properly considered all the factors required by the statute in making its finding both that the appellant was `voluntarily underemployed' and imputing an income to her. It relied on evidence actually submitted at the hearing as required by the remand instructions. The trial court looked at actual evidence regarding the appellant's prior work experience and salary, her education, and her voluntary job choices. In this case, this Court finds that the trial court followed the remand instructions correctly and that its determination that appellant was `voluntarily underemployed' and the amount of her imputed earnings is based on the statutory requirements. As such, this Court finds that the trial court did not abuse its discretion.
 {¶ 12} Appellant complains that no expert testimony was introduced at the hearing regarding prevailing job opportunities in her community. No expert testimony is specifically required by the statute. The statute only requires that prevailing job opportunities in the community be considered. The trial court considered the prevailing job opportunities in the community with the evidence presented by the appellant. The trial court specifically found that appellant failed to produce any evidence that she could no longer work full-time and that the opportunities to earn what appellant had earned before were no longer available in her geographic area. Appellant had the opportunity to present expert testimony, but she failed to do so.
 {¶ 13} The fact that the trial court did not consider appellant's 1999 and 2000 tax returns which were not admitted at the hearing, but attached to her objections, does not change this determination. Civ.R. 51(E)(4)(b) does not require the trial court to consider evidence that could have been submitted to the magistrate, but was not.
 {¶ 14} The trial court's finding stands. The first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The trial court erred and abused its discretion in determining appellant is underemployed and imputing an income figure to her which is not based upon evidence presented."
 {¶ 15} As the Court noted supra, the trial court properly considered evidence actually produced at the hearing in determining that appellant was underemployed. The trial court then properly considered appellant's employment potential, based on her recent work history, her occupational qualifications and the prevailing job opportunities and salary levels in the community in determining her imputed income. This Court also finds that R.C. 3313.215(A)(5) does not require expert testimony regarding prevailing job opportunities and salary levels. The second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"The trial court erred and abused its discretion in terminating spousal support in the absence of changed circumstances[.]"
 {¶ 16} Appellant argues that the trial court erred in finding that appellee's changes in circumstances were not drastic enough to justify terminating spousal support. She claims that appellee has enough other assets to continue spousal support.
 {¶ 17} This Court reviews a trial court's decision regarding support obligations for an abuse of discretion. Pauly v. Pauly,
(1997), 80 Ohio St.3d 386, 390, citing Booth v. Booth (1989),44 Ohio St.3d 142, 144. The court has not abused its discretion unless its decision is the product of "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v.Ohio State Med. Bd. (1993), 66 Ohio St. 3d 619, 621. This court is not permitted to substitute its judgment for that of the trial court. Bowen v. Bowen (1999), 132 Ohio App.3d 616, 626, citingIn re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-38.
 {¶ 18} Appellant's standard of review for the court to justify modifying spousal or child support is erroneous. The standard is not a `drastic' change in circumstances. The standard is whether there is `any change.' Kingsolver v. Kingsolver, 9th Dist. No. 21773, 2004-Ohio-3844 at ¶ 22-23. This Court based its determination that `any change' is the proper standard on the legislative history of the revisions in the statute. In this case, the trial court was correct in finding that appellee experienced a change in circumstances. He retired and the value of his assets had diminished.
 {¶ 19} Appellant's last argument is that the trial court did not have jurisdiction to modify the spousal support provision because the trial court's order of March 31, 2003, did not contain an express reservation of jurisdiction. There is no dispute, however, that the original divorce decree did contain the requisite reservation of jurisdiction. This Court does not find this argument persuasive. In Archer v. Archer (Sept. 24, 1997), 4th Dist. No. 96CA37, the Fourth District Court of Appeals found that a 1985 support order which retained jurisdiction was not limited by a 1987 order which did not contain a jurisdiction reservation. We likewise find here. The trial court retained jurisdiction in the original action because it expected the parties to experience changed circumstances. Subsequent modifications do not limit the trial court's ability to maintain the reservation of jurisdiction.
 {¶ 20} The trial court's finding that appellee experienced `changed' circumstances was based on the evidence presented. Appellant's third assignment of error is overruled.
 III. {¶ 21} Appellant's three assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Whitmore, J., Boyle, J., concur.
[1] Also at issue in that case was which Child Support Worksheet should be used because of an intervening change in the law. The correct Child Support Worksheet was prepared by the trial court on remand and is not part of this appeal.
[2] This section was repealed on March 3, 2001, but is applicable because it was effective at the time the motion was filed.