DECISION AND JOURNAL ENTRY
{¶ 1} Appellant Roberto Malizia has appealed the Final Post Decree Judgment Entry of the Summit County Court of Common Pleas, Domestic Division, modifying his spousal support obligation. This Court affirms.
 I {¶ 2} Roberto and Amelia Malizia were divorced on April 27, 2001 after 38 years of marriage. A separation agreement, which the parties had previously entered into, was incorporated into the judgment entry of divorce. The terms of the divorce decree provided that Appellant Roberto Malizia would pay Appellee Amelia Malizia spousal support in the amount of $100 per year, plus a 2% processing fee. The divorce decree further provided that the spousal support was payable on an annual basis until death or further ordered by the court. Additionally, the court retained jurisdiction to modify the amount or term of the spousal support upon a determination that the circumstances of either party had changed pursuant to R.C. 3105.18(E)(1).
 {¶ 3} On October 7, 2004, Appellee filed a Post Decree Motion to Modify Spousal Support based on Appellee's assertion that Appellant's financial circumstances had changed. Both parties prepared Financial Disclosure Affidavits and on November 12, 2004, a hearing was held concerning the matter. Appellee was represented by counsel at the hearing while Appellant appeared pro se.
 {¶ 4} The magistrate issued her decision on November 30, 2004. The magistrate determined that Appellant's circumstances had changed and that a modification was warranted. The magistrate increased the spousal support to $975 per month effective as of the date Appellee's motion was filed.
 {¶ 5} On February 16, 2005, the trial court entered a Final Post Decree Judgment Entry affirming the Magistrate's decision. The trial court found that a change in circumstances had occurred. The trial court found that it retained jurisdiction to modify the spousal support and affirmed the Magistrate's determination that said support should be increased to $975 per month. Appellant has appealed this decision, asserting one assignment of error.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED IN AFFIRMING THE MAGISTRATE'S DECISION ALLOWING A SUBSTANTIAL INCREASE IN SPOUSAL SUPPORT."
 {¶ 6} In his sole assignment of error, Appellant has argued that the trial court erred in affirming the magistrate's decision modifying the spousal support agreed upon in the original divorce decree. Specifically, Appellant's argument raises two issues: (1) that there was no "change of circumstances" and (2) that because Appellant was not represented by counsel at the dispositive November 12, 2004 hearing, he was unable to present or effectively contest the presentation of evidence. We disagree on both counts.
 {¶ 7} We begin by noting that "a trial court had broad discretion in determining a spousal support award, including whether or not to modify an existing award." Kingsolver v. Kingsolver, 9th Dist. No. 21773,2004-Ohio-3844, at ¶ 10, citing Mottice v. Mottice (1997),118 Ohio App.3d 731, 735. This Court reviews a trial court's decision modifying spousal support under an abuse of discretion standard. Barrowsv. Barrows, 9th Dist. No. 21904, 2004-Ohio-4878, at ¶ 4. An abuse of discretion connotes more than a mere error in judgment; it signifies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Absent an abuse of discretion, a spousal support award will not be disturbed on appeal. Barrows at ¶ 4. Finally, "when applying the [abuse of discretion] standard, an appellate court is not free to substitute its judgment for that of the trial judge." Berk v. Matthews (1990),53 Ohio St.3d 161, 169.
 {¶ 8} It is well established that before a trial court may modify the amount or terms of spousal support, it must conduct a two-step analysis.Leighner v. Leighner (1986), 33 Ohio App.3d 214, 215. First, the court must determine whether the original divorce decree specifically authorized the trial court to modify the spousal support, and if so, whether either party's circumstances have changed. Kingsolver at ¶ 11, citing Leighner, 33 Ohio App.3d at 215; See R.C. 3105.18(E). Second, the trial court must evaluate the appropriateness and reasonableness of the award. Barrows at ¶ 7, citing R.C. 3105.18(C)(1).
 {¶ 9} It is evident from the record that the trial court retained jurisdiction to modify the spousal support. The divorce decree of April 27, 2000 specifically authorized the Summit County Domestic Relations Court to modify the existing spousal support upon a showing of changed circumstances of either party. Having satisfied the jurisdictional requirement, we next move to the contested issue of whether "changed circumstances" existed.
 {¶ 10} Appellant has argued that there was no real presentation of evidence to justify the change of circumstances and that the receipt of Social Security benefits was "foreseeable" at the time of the divorce decree and thus, was not a change in circumstances. We disagree.
 {¶ 11} Pursuant to R.C. 3105.18(F), a change in circumstances includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses. Id. Importantly, this Court has recognized that the appropriate standard for determining changed circumstances is whether there has been "`any' increase or involuntary decrease in the parties' economic status."Kingsolver at ¶ 24. See also Zahn v. Zahn, 9th Dist. Nos, 21879, 21880,2004-Ohio-4881, at ¶ 18 (stating "The standard [to justify modifying spousal support] is whether there is `any change' [in circumstances].").
 {¶ 12} It is apparent from the record that Appellant's economic status increased in the approximately 3½ years between the divorce decree and Appellee's motion to modify spousal support. Specifically, the trial court found that Appellant obtained two new sources of income — $700 per month from his Firestone pension and $1,300 per month from Social Security.
 {¶ 13} Appellant conceded at the November 12, 2004 hearing that he had begun collecting $1,300 per month from Social Security. He also admitted that he had begun receiving a pension check from Firestone in the amount of $700 per month. Neither of the aforementioned sources of income existed at the time of the original divorce decree, therefore, we find that Appellant experienced a change in his economic status. SeeKingsolver at ¶ 23 (holding "[i]n reviewing a party's request to modify a spousal support, the trial court need only determine whether a change has occurred in the party's economic status — after the spousal support order was entered into.") (emphasis sic).
 {¶ 14} Appellant's argument that the inevitable receipt of Social Security benefits was foreseeable and thus precludes finding a change in circumstances is untenable. While the Leighner court required that the change in circumstances be "substantial" and "not contemplated" (or not foreseeable), at the time of the prior order, this Court has held that changed circumstances can exist absent "drastic," "substantial" or "unforeseen" changes. See Kingsolver at ¶ 24. See also Leighner,33 Ohio App.3d at 215. In Kingsolver, this Court diverged from the Tenth Appellate District's reasoning in Leighner. While we agreed that the "holding in Leighner remains good law with respect to the two-part analysis that should be applied when a trial court is asked to modify an existing spousal support order[,]" we concluded that the "Leighner
definition of change of circumstances is no longer the appropriate standard in determining whether a trial court has the jurisdiction to modify a support order." (Quotations omitted). Kingsolver at ¶ 23.
 {¶ 15} In Kingsolver, after extensive statutory interpretation, this Court stated:
"In addition to the requirement that any change of circumstances be `substantial' or `drastic,' the Leighner court also explained that the changes should not have been contemplated by the parties at the time of the divorce. However, the statutory amendments to R.C. 3105.18 do not require that economic changes be reasonably unforeseeable. We find that such a limitation on the phrase `change of circumstances' was also, therefore, not contemplated by the Ohio Legislature." Kingsolver at ¶ 21 n. 3.
 {¶ 16} Therefore, the foreseeability of potential Social Security benefits is irrelevant to the change in circumstances analysis.
 {¶ 17} Because Appellant has not argued the appropriateness or reasonableness of the modified spousal support, we find it unnecessary to address the second prong of the Leighner test. It is not the duty of this Court to develop an argument in support of an assignment of error if one exists. Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673, at 22. As we have previously held, we will not guess at undeveloped claims on appeal. See McPherson v. Goodyear Tire RubberCo., 9th Dist. No. 21499, 2003-Ohio-7190, at ¶ 31, citing Elyria JointVenture v. Boardwalk Fries, Inc. (Jan. 31, 2001), 9th Dist. No. 99CA007336.
 {¶ 18} Appellant has also argued that because he appeared pro se at the November 12, 2004 hearing, he was unable to competently present or effectively rebut evidence presented at said hearing. Appellant has argued that he was "without the skills or expertise necessary to properly frame the issues and/or present evidence in support of or against these issues." This argument lacks merit.
 {¶ 19} It is axiomatic that the pro se civil litigant must accept the consequences of his representation. In Jones Concrete, Inc. v. Thomas
(Dec. 22, 1999), 9th Dist. No. 2957-M, this Court held that pro se civil litigants "are not to be accorded greater rights and must accept the results of their own mistakes and errors." Id. at 4. We went on to hold that pro se civil litigants "are bound by the same rules and procedures as those litigants who retain counsel." Id.
 {¶ 20} Appellant has argued that because of his pro se representation, he was unable to effectively cross-examine the Appellee, unable to effectively present or challenge evidence, and unable to properly frame the legal issues. Appellant goes so far as to suggest that the "`facts and circumstances of each case' can only be presented by (presumably) competent, experienced counsel." This statement is simply untrue. Pro se litigants are "presumed to have knowledge of the law and of correct legal procedure and [are] held to the same standard as all other litigants." Kilroy v. B.H. Lakeshore Co. (1996),111 Ohio App.3d 357, 363. Appellant "cannot expect nor demand special treatment from the [magistrate] who is to sit as impartial arbiter." Id. This Court does not concern itself with the reasons why Appellant chose to forego competent legal representation. We will "not demand that the trial court should have accorded appellant any greater leniency" with regard to the manner in which he conducted his case. See Cook v.Criminger, 9 Dist. No. 22313, 2005-Ohio-1949, at ¶ 7.
 {¶ 21} After a careful reflection of the record and the arguments made by counsel, this Court cannot conclude that the trial court was unreasonable, arbitrary, or unconscionable when it modified the amount of spousal support. Therefore, we find that the trial court did not abuse its discretion.
 {¶ 22} Based on the foregoing, Appellant's sole assignment of error is without merit.
 III {¶ 23} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J. concurs.