DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Richard Johnson ("Husband"), appeals from the decision of the Summit County Court of Common Pleas, Domestic Relations Division. This Court affirms.
 I. {¶ 2} Husband and Wife, Beverly Johnson, were married on June 27, 1970, and were divorced on August 31, 2001. By the terms of the divorce decree, Husband was to pay Wife $8000 per month in spousal support. This number was based on several factors. The trial court found that the parties had a prosperous lifestyle during their 31 year marriage and that Wife had taught school for several years until Husband's job demanded that they relocate to various countries between 1971 and 1984. During this time, Wife was a homemaker. In 1985, Wife returned to school and obtained a Master's Degree in Counseling. She gained employment in a local school district from 1985 to 1998. In 1998, Husband's job again demanded they relocate to a foreign country. Due to the relocation, Wife retired from her position. She withdrew her *Page 2 
STRS funds and permitted Husband to invest them. At the time of the divorce, Wife was 53 and Husband was 56. Husband had been working for Goodyear for 36 years and earned $20,000 per month as well as bonuses and investment income. Since the divorce, Husband has remarried, moved to the U.K., retired from Goodyear, and moved back to the United States.
 {¶ 3} On May 9, 2007, Husband filed a motion to downwardly modify or terminate his spousal support obligation. On May 30, 2007, Wife filed a motion to upwardly modify the spousal support payments. On August 24, 2007 and September 14, 2007 the magistrate held a hearing on the motions. On September 28, 2007, the magistrate reduced Husband's spousal support obligations from $8,000 to $5,000 per month. On October 11, 2007, Husband filed objections to the magistrate's decision. The trial court overruled Husband's objections, and adopted the magistrate's decision. Husband timely appealed from this decision, raising two assignments of error for our review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR IN REDUCING [HUSBAND'S] SPOUSAL SUPPORT FROM $8,000 TO $5,000 PER MONTH AS OPPOSED TO REDUCING IT SUBSTANTIALLY LOWER THAN THE AMOUNT REDUCED BY THE TRIAL COURT OR REDUCING IT TO ZERO, AND BY HAVING DONE SO WITHOUT SETTING FORTH A SUFFICIENT EXPLANATION AS TO HOW THE LEVEL OF THE REDUCTION WAS REACHED."
 {¶ 4} In his first assignment of error, Husband argues that the trial court abused its discretion and committed reversible error in reducing his spousal support from $8,000 to $5,000 per month as opposed to reducing it substantially lower than the amount reduced by the trial court or reducing it to zero, and by having done so without setting forth a sufficient explanation as to how the level of the reduction was reached. We do not agree. *Page 3 
 {¶ 5} This Court reviews a trial court's decision modifying spousal support under an abuse of discretion standard. Barrows v. Barrows, 9th Dist. No. 21904, 2004-Ohio-4878, at ¶ 4. An abuse of discretion connotes more than a mere error in judgment; it signifies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Absent an abuse of discretion, a spousal support award will not be disturbed on appeal.Barrows, supra, at ¶ 4. Finally, "when applying [the abuse of discretion] standard, an appellate court is not free to substitute its judgment for that of the trial judge." Berk v. Matthews (1990),53 Ohio St.3d 161, 169.
 {¶ 6} In order to modify an existing spousal support award, a trial court must conduct the two-part analysis provided by R.C. 3105.18.Leighner v. Leighner (1986), 33 Ohio App.3d 214, 215. The first step is jurisdictional. R.C. 3105.18(E). In that step, the trial court must make two determinations: (a) whether the divorce decree specifically authorizes the court to modify spousal support, and (b) whether the circumstances of either party have changed. R.C. 3105.18(E);Leighner, 33 Ohio App.3d at 215. R.C. 3105.18(E) does not require a "substantial" or "drastic" change of circumstances, but only a change that "[has] an effect on the economic status of either party."Kingsolver v. Kingsolver, 9th Dist. No. 21773, 2004-Ohio-3844, at ¶ 21.
 {¶ 7} If the trial court concludes that it does have jurisdiction to modify the spousal support award, it must then determine "whether or not the existing order should be modified." (Emphasis omitted.)Leighner, 33 Ohio App.3d at 215. This inquiry requires the court to reevaluate the existing order in light of the changed circumstances. Id. The court looks to the factors provided by R.C. 3105.18(C) in order to conduct this reevaluation. Id. "[A] change in circumstances includes, but is not limited to, any increase or involuntary decrease in the party's *Page 4 
wages, salary, bonuses, living expenses, or medical expenses."Malizia v. Malizia, 9th Dist. No. 22565, 2005-Ohio-5186, at ¶ 11, citing R.C. 3105.18(F).
 {¶ 8} In the instant case, the trial court determined that it had jurisdiction to modify the spousal support award as it had expressly retained jurisdiction to revisit the spousal support issue. This fact is supported by the record. The trial court then found that due to Husband's retirement, he had shown enough of a change in circumstances to warrant a downward modification of spousal support. Wife does not contest this finding and does not challenge the decrease in spousal support. As such, it appears that the parties agree that a change in circumstances warranted a downward modification. Rather the parties disagree as to the amount of that downward modification. On appeal, Husband contends that the downward modification was not enough and/or the spousal award should have been terminated. He further contends that the trial court did not set forth a sufficient explanation as to how the reduction was reached. We do not agree.
 {¶ 9} We find that the trial court adequately set forth a sufficient explanation as to how the reduction was reached. The trial court was required to reevaluate the factors listed in R.C. 3105.18(C). These factors are as follows:
 "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 "(b) The relative earning abilities of the parties;
 "(c) The ages and the physical, mental, and emotional conditions of the parties;
 "(d) The retirement benefits of the parties; *Page 5 
 "(e) The duration of the marriage;
 "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 "(g) The standard of living of the parties established during the marriage;
 "(h) The relative extent of education of the parties;
 "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 "(l) The tax consequences, for each party, of an award of spousal support;
 "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 10} Husband argues that the trial court failed to set forth a sufficient analysis of the above factors. Husband acknowledges that "[o]nce the fourteen factors have been considered, the amount of spousal support is within the discretion of the trial court[.]" Appellant's brief, page 9, citing Bowen v. Bowen (Feb. 9, 1999),132 Ohio App.3d 616, at 625-626. Upon review, we find that the trial court sufficiently analyzed the factors listed in R.C. 3105.18(C).
 {¶ 11} The trial court stated that "[h]aving reviewed the Magistrate's Decision filed on September 28, 2007, Husband's Objections to the Magistrate's Decision, Wife's response in opposition, the transcript of the proceedings, and other documents in the file, this Court overrules Husband's Objections to the Magistrate's Decision." Specifically, the trial court found that *Page 6 
"[t]he record reflects that the factors in R.C. 3105.18(C)(1) were reviewed and each applicable factor was addressed in the Magistrate's Decision." We agree. The magistrate first noted the evidence upon which the original award of spousal support was based. The magistrate then evaluated the changes that had taken place since the initial award of spousal support. The magistrate noted that Husband remarried in 2003 and his wife had one unemancipated child. In 2004, Husband's job demanded that he relocate to the U.K. In 2006, Goodyear asked Husband to retire. The magistrate found that the fact the Husband received a retirement package, including a year of salary continuation, showed that Goodyear asked him to retire and that he did not retire on his own. Husband's income from Goodyear ceased at the end of July, 2007. He had worked for Goodyear for 41 years. The magistrate noted that upon leaving the U.K., Husband settled in South Carolina where he bought and renovated a home for a total of $430,000. The magistrate noted that Husband's income was $108,000 and consisted of income from his investments and his IRA. His affidavit indicated that his monthly expenses were $10,000. Husband's assets included investments with an approximate value of $2,673,291.96 and debts of approximately $85,000. Finally, the magistrate noted that Husband was 62 years old and eligible for Social Security.
 {¶ 12} The magistrate next analyzed the changes in Wife's situation since the divorce. The magistrate noted that in 2003, Wife moved into a condominium and has no mortgage on the property. Wife's affidavit stated that she had not earned more than $4,000 a year since the divorce and listed her expenses at approximately $10,000 per year. However, the magistrate noted that Wife's expense calculations included payments for estimated taxes that were not made quarterly and as such, her monthly statements were less than stated in her affidavit. Further, Wife was in a relationship with a man, but the magistrate noted that there was no mutual *Page 7 
financial support or other marital aspect to the relationship. The trial court further found that "Wife and her boyfriend travel together quite a bit and likely spend a significant amount of time in each other's company. However, other than his own assertions, Husband has produced no evidence that Wife is actually cohabitating with her boyfriend, or that she reaps any financial benefits." We find that the record supports this conclusion.
 {¶ 13} The magistrate noted that Wife has traveled extensively since the divorce and has invested the assets she received from the property division. She has an investment account valued at approximately $167,738, and two other accounts, one valued at approximately $731,092, and the other at $86,518. The magistrate further noted that Wife was 60 years old and not eligible for Social Security, that she paid for her own health insurance, had no life insurance, and was generally in good health.
 {¶ 14} We find that the discussion of the changes in the parties' circumstances since the divorce, as well as a discussion of the evidence of Husband and Wife's life together prior to the divorce presents sufficient analysis of the factors in R.C. 3105.18(C). Accordingly, we find that that trial court did not abuse its discretion when it reduced the spousal support payments from $8,000 to $5,000. Therefore, Husband's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR IN NOT IMPUTING INCOME TO [WIFE] AND IN NOT FINDING THAT IT WOULD BE REASONABLE FOR [WIFE] TO OBTAIN FULL-TIME EMPLOYMENT."
 {¶ 15} In his second assignment of error, Husband contends that the trial court abused its discretion and committed reversible error in not imputing income to Wife and in not finding that it would be reasonable for her to obtain full-time employment. We do not agree. *Page 8 
 {¶ 16} We note that the August 31, 2001 decree of divorce stated that "[o]ne of the most difficult facts is that when the parties left for Slovenia, the parties agreed that Wife retire from Revere Schools and Husband testified that he planned to retire after his assignment in Slovenia." Therefore, the magistrate noted and the trial court affirmed, that "the parties had agreed, at the time of relocation to Slovenia, that Wife would retire, thus clearly they contemplated she would notwork again" (Emphasis added.) Husband argues that this statement was in error and that the parties' decision that upon moving to Slovenia, Wife would quit her job "does not in any way imply that she would never work again." Husband argues that Wife "has always been able to work but she simply chose not to[,]" and therefore, the trial court should have found that she was voluntarily underemployed and imputed income to her.
 {¶ 17} Initially, we note that Husband and Wife agreed that Wife would cease working prior to their move to Slovenia and prior to their divorce. As such, with regard to Wife's retirement from teaching, there has been no change in circumstance.
 {¶ 18} Further, despite Husband's argument, there is no underemployment provision in R.C. 3105.18. Rather, a finding of underemployment can affect child support payments under R.C. 3119.01, which is not at issue here. Perry v. Perry, 2d Dist. No. 07-CA-11,2008-Ohio-1315, at ¶¶ 24-25. This is not to say that the trial court isprohibited from considering voluntary underemployment for purposes of spousal support. See Id. Rather, we find that here, Husband has presented no evidence that would indicate that Wife has purposely retired in an effort to obtain spousal support. To the contrary, the record shows that Husband and Wife agreed that Wife would retire and withdraw her pension upon moving to Slovenia for Husband's job. The trial court further noted that Wife is 60 years old. The trial court did not abuse its discretion *Page 9 
when it refused to impute income to Wife or by failing to require her to obtain full-time employment. Accordingly, Husband's second assignment of error is overruled.
 III. {¶ 19} Husband's assignments of error are overruled and the judgment of the Summit County Domestic Relations Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 WHITMORE, J. DICKINSON, J. CONCUR *Page 1